Frank WOOD, Appellant,

v.

Roger ENDELL, Director of Division of Adult Correction and Adult Probation and Parole, Appellee.

No. A–484.

Court of Appeals of Alaska.

June 28, 1985.

John Marston Richard, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Frank Wood filed a complaint for writ of habeas corpus [1] on March 12, 1984, in the superior court, where he had been convicted by a jury for violating former AS 17.10.-010, sale of a narcotic drug. The complaint alleged ineffective assistance of counsel. On April 2, 1984, the state moved to dismiss Wood's complaint. On April 19, 1984, the trial judge signed an order of dismissal, finding the complaint unripe for decision— Wood having been admitted to bail. On April 27, 1984, after Wood had been ordered to commence serving his sentence, the trial judge entered an additional dismissal order, stating:

> This court conducted the trial of Mr. Wood and had full opportunity to observe Mr. Madson as trial counsel. Mr. Wood was not denied effective counsel as the term is defined in *Risher v. State*, 523 P.2d 421 (Alaska 1974).
>
> Accordingly, Mr. Wood's Petition for Writ of Habeas Corpus is DENIED.

Wood appeals, contending that the summary dismissal was error. The state concedes that no hearing was held on the motion for post-conviction relief and that no advance notice was provided to Wood indicating the court's intention to dismiss the motion or its reasons for the proposed dismissal. The state argues that these omissions, if error, were harmless.

We cannot agree.

It is settled that a claim of ineffective assistance of counsel is one that generally requires an evidentiary hearing to determine whether the standard adopted in *Risher v. State*, 523 P.2d 421 (Alaska 1974), was met by counsel's performance. *Barry v. State*, 675 P.2d 1292 (Alaska App. 1984). Particularly where, as here, it is the pretrial and post-trial performance of counsel as well as the performance during trial that is specifically alleged to have been inadequate, it is not sufficient that the trial judge found counsel's performance as observed in the course of trial to be adequate.

Further, we note that the explicit direction of Rule 35(h)(2) [2] was violated by the trial judge in this case. No notice was provided to Wood that the trial judge proposed to dismiss the motion without a hearing; likewise the reasons for the proposed dismissal were not communicated to Wood. In *Hampton v. Huston*, 653 P.2d 1058, 1060 (Alaska App.1982), this court said:

> Where the [trial] court elects to consider a [Rule 35] petition summarily, it must give advance warning of its decision to the parties in a written order spelling out in some detail its reasons for concluding that the petition warrants summary disposition. Specifically, the applicant must be given an opportunity to reply to the proposed dismissal before it becomes final. The applicant cannot be expected to reply unless he knows the court's reasons for its prospective decision.

The state concedes in its brief that the trial judge should have given Wood notice

---

**1.** Wood's *habeas corpus* complaint is, in effect, a Rule 35 motion for post-conviction relief. *See Donnelly v. State*, 516 P.2d 396, 398 n. 2 (Alaska 1973) (Rule 35 procedure designed to supplant traditional *habeas corpus* remedy). For our purposes here, it is treated as though it had been so captioned. *See, e.g., Merrill v. State*, 457 P.2d 231, 235 (Alaska 1969).

**2.** Criminal Rule 35(h)(2) provides:
> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to

post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record shall not be made when a material issue of fact exists.

of his intent to dismiss the motion but argues that the error was harmless inasmuch as Wood's motion did not establish a *prima facie* case of ineffective assistance of counsel. The state's argument is not well-taken as it would defeat the purpose behind the requirement that a movant be given notice of a proposed summary dismissal. One purpose of requiring notice and an opportunity to reply is to allow an applicant for post-conviction relief to amend or supplement a defective application, so that it does state a ground for relief that is on its face sufficient.

This case is REMANDED for further proceedings consistent with this opinion.