Leif Mark JENSEN, Appellant,

v.

Randi Beth FROISSART, Appellee.

No. S–7929.

Supreme Court of Alaska.

June 25, 1999.

Rehearing Denied July 14, 1999.

---

**35.** *See A.M. II*, 945 P.2d at 305.

**37.** *See A.M. I*, 891 P.2d at 827.

Danny W. Burton, Wasilla, for Appellant.

Randi Froissart, Wasilla, pro se.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

BRYNER, Justice.

### I. INTRODUCTION

In January 1995 the superior court awarded Randi Froissart a judgment of $3,194 against Leif Jensen for a debt that the court

had originally ordered Jensen to pay in March 1989. Although the judgment provided on its face for interest of 10.5%, it failed to specify when this interest began to accrue. In 1997, acting on Froissart's request, the court changed this judgment to specify that interest accrued from March 1989. The primary question presented is whether this change is allowed under Alaska Civil Rule 60(a), which permits courts to correct judgments for clerical errors, mistakes, and omissions. We hold that correction under Rule 60(a) is proper because the court actually awarded the disputed interest and merely neglected to incorporate the award into its judgment.

## II. FACTS AND PROCEEDINGS

Randi Beth Froissart and Leif Mark Jensen litigated a dispute over custody of their two children in 1989. In March 1989 the superior court entered a decree awarding custody to Froissart and ordering Jensen to pay monthly support. The decree included a provision requiring Jensen to pay Froissart $5,961 as his share of the children's outstanding medical expenses. It specified that Froissart could apply for a judgment as to the medical expenses if Jensen did not make arrangements to pay the award within thirty days.

Jensen failed to pay these medical expenses. In 1993 he applied for bankruptcy; the bankruptcy court released him from all dischargeable debts in December 1993.

In March 1994, several months after the bankruptcy discharge, Froissart filed a motion in the superior court requesting judgment against Jensen for his medical expense debt. Froissart asserted that Jensen had paid her nothing, but she disclosed that the hospital had forgiven a portion of the debt. Deducting Jensen's share of the forgiven portion, Froissart calculated that Jensen still owed her $3,194. She moved for a judgment

in this amount, with statutory interest from March 23, 1989.

Jensen opposed Froissart's motion, asserting that his debt to Froissart had been discharged in bankruptcy and claiming that the "state court no longer has jurisdiction in this matter." Froissart responded that the debt was non-dischargeable.

The court agreed with Froissart. In an order issued January 20, 1995, it ruled that the medical expense award was "in the nature of support" and was therefore a non-dischargeable debt under 11 U.S.C. § 523(a)(5).[1] Accordingly, the court ordered that "the Motion for Entry of Judgment is GRANTED and judgment will be entered." The court entered its judgment that same day, evidently using a form submitted by Froissart's counsel. The judgment form provided that "Plaintiff [Froissart] have judgment against Defendant [Jensen] in the amount of $3194. This judgment shall bear interest at 10.5%." Jensen unsuccessfully sought reconsideration but did not appeal the judgment.

More than a year later, in September 1996, Froissart moved to amend the judgment to specify that the award of interest accrued from March 23, 1989, the date the court entered the original custody decree ordering Jensen to pay the medical expenses. Froissart asserted that the judgment's failure to specify a starting date for interest "was due to an oversight on her part in failing to include the interest date on the judgment which she submitted for the court's signature."

Jensen opposed Froissart's motion, characterizing it as a motion for relief from judgment under Civil Rule 60(b)(1) based on "mistake, inadvertence, surprise or excusable neglect,"[2] and arguing that, as such, it violated the applicable one-year filing deadline.[3] But Froissart replied that she had based her motion on Civil Rule 60(a), which allows courts "at any time" to correct "[c]lerical

---

1. 11 U.S.C. § 523(a)(5) provides, in relevant part:

 A discharge under [Chapter 7] ... does not discharge an individual debtor from any debt ... to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection

with a separation agreement, divorce decree or other order of a court of record....

2. Alaska R. Civ. P. 60(b)(1).

3. See Alaska R. Civ. P. 60(b).

mistakes in judgments ... and errors therein arising from oversight or omission." Insisting that she had "inadvertently omitted" a starting date for interest on her judgment form, Froissart urged the court to "correct her omission by entering an amended judgment providing for interest from the time the money was ordered to be paid."

Jensen moved to strike this reply or, alternatively, to supplement his earlier response. He argued that Froissart's reliance on Rule 60(a) "raised an entirely new ground[ ]" and was "outside the scope of her [original] motion and my opposition." Addressing the merits of Froissart's argument, Jensen claimed that her omission could not be corrected under Rule 60(a) because it was a substantive, rather than clerical error:

> There was no clerical error here. Interest debts are discharg[e]able in bankruptcy, and the court could not award interest, because the interest was discharged in bankruptcy even if it could treat the principal balance as non-discharg[e]able child support. This is not like a transposition of numbers, or a mistake in math. There is no way that I could have known that there was a mistake, just by looking at the judgment. The appropriateness of awarding interest was a legal question, not a matter of clerical work. So Rule 60(b) applies, not Rule 60(a).

Without addressing Jensen's motion to strike, the superior court granted Froissart's motion and entered an amended judgment providing for interest to run from March 23, 1989. But the court did not grant this relief under either Rule 60(a) or Rule 60(b)(1), as Froissart had requested. Instead, it specified "that relief is granted under Civil Rule 60(b)(6), the reason justifying relief being

that plaintiff did not know she had a right to this interest and thus did not waive it."

Jensen appeals.

## III. DISCUSSION

### A. Standard of Review

Jensen's appeal requires us to consider whether the entry of judgment against him in 1995 should be declared void or discharged under Alaska Civil Rule 60(b)(4) and (5), whether entry of an amended judgment in 1996 was proper under Rule 60(b)(6), and whether the 1996 judgment may alternatively be sustained as a corrected judgment properly entered under Rule 60(a).

■ Whether the 1995 judgment is void or discharged under Rule 60(b)(4) and (5) and whether it can be corrected under Rule 60(a) are questions of law.[4] When questions of law exist, we exercise our independent judgment and adopt the rule of law that is most persuasive in light of precedent, reason, and policy.[5] Whether the court properly granted relief under Rule 60(b)(6) is a question we review for abuse of discretion.[6] An abuse of discretion occurs when we are "left with a definite and firm conviction on the whole record that the trial judge has made a mistake." [7]

### B. Rule 60(b)(4) and (5)—Subject Matter Jurisdiction and Discharge

■ As a threshold matter, Jensen claims that when the superior court entered judgment against him on January 20, 1995, it lacked jurisdiction to decide that his federal bankruptcy proceeding had not discharged the disputed debt for medical expenses. In Jensen's view, only the bankruptcy court had jurisdiction over this issue. He argues that

---

4. See DeVaney v. State ex rel. DeVaney, 928 P.2d 1198, 1200 (Alaska 1996) ("Whether an error is properly classified as a 'clerical error' as that term is used in Rule 60(a) involves interpretation of that rule and therefore is a question of law.") (citation omitted); see also, e.g., Aguchak v. Montgomery Ward Co., 520 P.2d 1352, 1354 (Alaska 1974) ("[N]o question of the lower court's discretion is presented by a Rule 60(b)(4) motion because the validity of a judgment is strictly a question of law.").

5. See State, Dep't of Revenue v. Wetherelt, 931 P.2d 383, 390 n. 11 (Alaska 1997) (quoting Guin v. Ha, 591 P.2d 1281, 1284 n. 6 (Alaska 1979)).

6. See Babinec v. Yabuki, 799 P.2d 1325, 1332 (Alaska 1990) ("Motions for relief from judgment brought under Civil Rule 60(b) are addressed to the sound discretion of the trial court and are reviewable on appeal only for an abuse of discretion.").

7. Id. (citation omitted).

the January 1995 judgment is therefore void and must be set aside under Civil Rule 60(b)(4).[8] Jensen's argument lacks merit. While federal law determines whether a debt is dischargeable,[9] "state and federal courts have concurrent jurisdiction to decide the issue."[10]

■ Jensen also contends that when the court entered the January 1995 judgment it erred in concluding that his medical expense debt was non-dischargeable under 11 U.S.C. § 523(a)(5). Jensen claims that he is therefore entitled to relief from that judgment under Civil Rule 60(b)(5), which provides that the court can grant relief from a judgment when it "has been satisfied, released, or discharged." But Jensen fully litigated this issue before the superior court entered the 1995 judgment. He lost on the merits of his argument and then failed to appeal. The superior court's ruling on discharge is therefore final, and it now bars Jensen from relitigating the issue.[11]

### C. Rule 60(b)(6)—Good Cause Based on Lack of Knowledge of the Right to Interest

■ The parties agree that the superior court erred in ordering relief from judgment under Rule 60(b)(6).[12] The court's theory for granting Froissart relief under this provision was that Froissart did not know of her right to receive statutory interest when she submitted the original judgment form. But Froissart has never claimed ignorance of her right to receive interest, and the record establishes that she was aware of this right. In her motion that led to entry of the January 1995 judgment, Froissart expressly requested "statutory interest from March 23, 1989." And in her 1996 motion to amend the 1995 judgment, Froissart emphasized that she had specifically requested an award of interest from March 1989, explaining that the 1995 judgment's omission of this date was "due to an oversight" that occurred when she submitted the judgment form for the court's signature.

Given these facts, we conclude that the superior court abused its discretion in granting relief under Civil Rule 60(b)(6) on the theory that Froissart had not been aware of her right to receive interest.

### D. Rule 60(a)—Correcting Oversights and Omissions

■ Although Froissart acknowledges that the court erred in granting relief under Rule 60(b)(6), she urges us to uphold the amended judgment based on Civil Rule 60(a). Jensen protests that Froissart did not preserve this claim through cross-appeal. But Froissart's appellate brief argues that the superior court erred in failing to grant relief under Rule 60(a), and this court "may affirm the superior court's decision on any basis appearing in the record."[13]

■ Alaska Civil Rule 60(a) allows courts to correct mistakes, errors, and omissions at

8. Alaska R. Civ. P. 60(b)(4) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding ... [when] the judgment is void[.]"

9. See 11 U.S.C. § 523(a)(5).

10. In re Siragusa, 27 F.3d 406, 408 (9th Cir. 1994) (citation omitted); see also In re Crawford, 183 B.R. 103, 105 (Bankr.W.D.Va.1995) (stating that bankruptcy courts only have exclusive jurisdiction to decide exceptions to discharge arising under § 523(a)(2), (4), (6), and (15)).

11. See Calhoun v. Greening, 636 P.2d 69, 72 (Alaska 1981) (concluding that the doctrine of res judicata precludes relitigation not only of those "claims that were raised in the initial proceeding, but also of those relevant claims that could

have been raised then"); see also Burrell v. Burrell, 696 P.2d 157, 163 (Alaska 1984) ("Civil Rule 60 is not a substitute for a party failing to file a timely appeal; nor does it allow relitigation of issues that have been resolved by the judgment.").

12. This catch-all provision allows the court, within a reasonable time of entering judgment, to grant relief for "any other reason [not stated elsewhere in the rule] justifying relief from the operation of the judgment." Alaska R. Civ. P. 60(b)(6).

13. Pierce v. Pierce, 949 P.2d 498, 500 (Alaska 1997); see also Far N. Sanitation, Inc. v. Alaska Pub. Util. Comm'n, 825 P.2d 867, 869 n. 2 (Alaska 1992) (rejecting contention that opposing side's argument was waived by not filing a cross-appeal).

any time.[14] But this rule is limited in scope to objectively ascertainable errors in form rather than substance:

> [T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage . . . blunders. . . . It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).[15]

 Despite Jensen's arguments to the contrary, Froissart's case meets these narrow criteria. In its original custody decree of March 1989, the superior court ordered Jensen to repay Froissart for their children's medical expenses. The decree itself was a judgment and, as such, gave Froissart the right to collect post-decree interest on the award for medical expenses. Civil Rule 54(a) defines "judgment" to include "a decree and any order from which an appeal lies." And at all times relevant to this case AS 09.30.070(a) provided that "[t]he rate of interest on judgments and decrees for the payment of money is 10.5 percent a year."[16] The decree thus entitled Jensen to interest as a matter of course.

In 1994 Froissart moved for entry of a judgment establishing the amount Jensen still owed her for the medical expense debt. Jensen objected, asserting that the entire debt had been discharged in bankruptcy.

The superior court rejected this defense and, on January 20, 1995, expressly granted Froissart's motion for entry of judgment. An integral part of Froissart's motion was her request for "statutory interest from March 23, 1989." Nothing in the phrasing of the order granting Froissart's motion suggests that the court intended to sever her request for judgment on the principal debt still owing from her request for the accrued statutory interest to which she was entitled as a matter of course. The order unequivocally granted the motion in its entirety, including its request for accrued statutory interest.

Jensen suggests that the court might have intended to enter judgment on the principal but not on accrued interest because the interest may have been discharged in his bankruptcy even if the principal had not been discharged. But his contention finds no support in the record and is unrealistic. As we have already mentioned, Froissart's 1994 motion for entry of judgment expressly requested judgment on both principal and accrued interest. In his response to that motion, Jensen merely claimed that the medical expense debt had been discharged in its entirety; he did not contend that interest should be treated differently than principal. Jensen first argued for separate treatment of interest and principal more than a year later, after Froissart moved to amend the judgment. Thus, the court's January 1995 ruling that Jensen's debt had not been discharged plainly encompassed both principal and accrued interest. The merits of this ruling are now final and no longer open to challenge.[17]

Jensen nevertheless insisted below that the 1995 judgment cannot properly be corrected under Rule 60(a) because it shows no sign of any defect: "There is no way that I could have known that there was a mistake,

---

**14.** Alaska Civil Rule 60(a) provides:
Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

**15.** *In re West Texas Marketing Corp.,* 12 F.3d 497, 504–05 (5th Cir.1994).

**16.** *See* Ch. 107, § 1, SLA 1980. Jensen does not contend that the 1989 decree's provision requiring him to pay medical expenses should not be deemed "a decree[ ] for the payment of money."

**17.** *See* discussion *supra* note 11.

just by looking at the judgment." But we disagree. Considering the 1995 judgment together with Froissart's motion for entry of judgment and the order granting her motion, we find it clear that the court's failure to specify a starting date for interest on the judgment form is an omission. For as we have already pointed out, the court unequivocally granted Froissart's motion in its entirety, and the motion itself expressly incorporated a request for accrued interest.[18]

In short, the record as it existed when the court entered the disputed 1995 judgment provides objective information confirming Froissart's assertion that the superior court in fact directed entry of judgment in the principal amount of $3,194 bearing interest at 10.5% from March 23, 1989, but that the form on which it entered judgment inadvertently omitted the starting date for this award of interest. It makes no difference whether we attribute this mistake to the court or to Froissart, for, as we have previously recognized, Civil Rule 60(a) draws no such distinction: "[A] clerical mistake may include those made by a party...."[19]

Here, correcting the disputed omission entails no factual findings or legal conclusions beyond those already made by the superior court, no "cerebration or research into the law or planetary excursions into facts,"[20] and no judicial function other than a careful examination of the objective record as it existed when the court entered judgment.

Accordingly, we hold that the judgment of January 20, 1995, could properly be corrected under Civil Rule 60(a). Since Froissart requested correction under this rule and the rule itself entitles her to the relief she requested, we attach no particular significance to the fact that the superior court decided to grant relief under a different, inapplicable provision. The significant point, in our view, is that the court properly granted relief.

## IV. CONCLUSION

We AFFIRM the amended judgment.

---

18. We also find it noteworthy that the court entered the judgment on a form prepared and submitted by Froissart. Alaska Civil Rule 78(e) requires that a "party preparing a form of judgment shall show on the proposed judgment the date prejudgment interest should begin." That Froissart's judgment form failed to comply with this rule is a telling indication that its failure to specify a starting date for accrual of interest was an omission.

19. *Babinec v. Yabuki*, 799 P.2d 1325, 1337 (Alaska 1990).

20. *West Texas Marketing*, 12 F.3d at 504–05.