**Mark William STANDIFER, Petitioner,**

v.

**STATE of Alaska, Respondent.**

**No. S–8981.**

Supreme Court of Alaska.

June 16, 2000.

Rehearing Denied July 20, 2000.

---

34. Alaska R. of App. P. 204(e).

Benjamin I. Whipple, Palmer, for Petitioner.

Teresa Williams, Assistant Attorney General, Anchorage, Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

MATTHEWS, Chief Justice.

## I.  INTRODUCTION

Student loans made by the state are not dischargeable in bankruptcy except in cases of undue hardship.  Mark Standifer unsuccessfully sought to set aside a state district court judgment for nonpayment of a student loan on the grounds that it would be void if it were discharged and that dischargeability should be determined by the district court.  We hold that his motion was not time barred, that the court had jurisdiction to determine dischargeability, that his right to obtain a determination of dischargeability was not waived, and that if the loan is determined to be discharged, the judgment will be void.

## II.  FACTS AND PROCEEDINGS

### A.  Facts

On May 4, 1984, Mark Standifer applied for and obtained a $6,000 student loan from the State of Alaska, Alaska Commission on Postsecondary Education, so that he could take a flight course at Gordon's Aviation, a flight school in Wasilla.  A month before his training was to be completed, Gordon's Aviation closed.

In April 1985 the commission wrote to the former students of Gordon Aviation, including Standifer, advising them they were still obliged to pay their student loans.  When Standifer failed to make any payments on the loan, the loan was referred to the law firm of Patterson & Van Abel for collection.

Standifer, meanwhile, began to encounter financial difficulties. He could not get enough work as an auto mechanic to pay his bills. The bank foreclosed on his house. In the fall of 1986, he moved to Oregon to try to find work. There he found a potential job as a truck mechanic. During Standifer's qualifying physical examination, the doctor found a lump on his neck, which turned out to be thyroid cancer. Standifer's wife and three children moved to Oregon to be with him. During cancer treatment, Standifer took a job at a car dealership, making about $650 per month. This money, combined with his wife's babysitting income, was not enough to pay their bills.

Standifer filed for bankruptcy. A discharge of listed debts was granted on December 15, 1987, including the student loan. In January of 1988 Patterson & Van Abel advised Standifer that his student loan was not dischargeable and must be repaid. Standifer spoke to his Oregon bankruptcy attorney, who assured him that the student loan had been discharged. Standifer did not attempt to repay the loan.

In October of 1990 Patterson & Van Abel sued Standifer on behalf of the state. Standifer, living in Oregon, was not located for personal service. After service by publication, a default judgment was entered against him on March 11, 1993, for $7,811.27.

Standifer learned about the default judgment when it appeared on his credit report. He contacted Patterson & Van Abel on October 25, 1993, and made a payment arrangement. Standifer made only five $50 payments under this arrangement, the last in January of 1995.

### B. *Proceedings*

In February of 1997 Standifer filed a Civil Rule 60(b) motion in state district court to vacate the 1993 default judgment. Standifer requested that the district court determine that the student loan was dischargeable in bankruptcy because of "undue hardship."[1] The district court denied the motion without deciding the undue hardship issue and awarded the state $250 in attorney's fees because it found the motion to be frivolous as clearly untimely.

Standifer appealed to the superior court, which affirmed and awarded an additional $1,000 in fees to the state.

Standifer filed a petition for hearing with this court, which we granted.

### III. *DISCUSSION*

### A. *The District Court Had Jurisdiction to Rule on Whether Standifer Qualified for the "Undue Hardship" Exception.*

Both parties now agree that the district court had jurisdiction to decide whether the student loan could be discharged under the undue hardship exception. This is in contrast to the state's position before the district court where the state argued, "[i]f the defendant believes he is entitled to a hardship discharge, this needs to be litigated before the bankruptcy court, not before this Court."

■ The state's current concession is correct. In *Jensen v. Froissart,*[2] we held that the superior court had jurisdiction to determine whether a bankruptcy discharge was applicable to a particular debt that was arguably nondischargeable. We stated, "while federal law determines whether a debt is dischargeable, 'state and federal courts have concurrent jurisdiction to decide the issue.'"[3]

---

1. Standifer did not contend that the discharge granted by the bankruptcy court applied to the student loan. His position was that undue hardship was not addressed by the bankruptcy court, and that a determination of undue hardship and thus dischargeability should be made by the district court.

2. 982 P.2d 263, 267 (Alaska 1999).

3. *Id.* (quoting *In re Siragusa,* 27 F.3d 406, 408 (9th Cir.1994)). The state now contends that

*only* the state courts can decide dischargeability of state loans, as it is immune from proceedings in federal court. In *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 47, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the Supreme Court ruled that the Eleventh Amendment precludes Congress from subjecting a state to suit in federal court under the authority of the Commerce Clause. Federal bankruptcy courts, following *Seminole Tribe,* have held that state agencies are immune from federal bankruptcy proceedings involving the discharge of student loans. *See In re*

**B.** *Standifer's Rule 60(b) Motion Was Timely and Raised a Question as to Voidness That Must Be Litigated.*

No time limits govern motions under Rule 60(b)(4) for relief from void judgments.

As noted by Wright & Miller, a Rule 60(b)(4) motion "differs markedly from motions under the other clauses of Rule 60(b). There is no question of discretion on the part of the court when a motion is under Rule 60(b)(4). . . . [T]here is no time limit on an attack on a judgment as void." The authors note that even the requirement that the motion be made within a reasonable time, "which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion."

*Kennecorp Mortgage & Equities, Inc. v. First National Bank of Fairbanks.*[4] Thus, Standifer's motion was not time barred.

But did the motion raise a defense that, if accepted, would render the judgment void? The state contends that judgments are only void where the issuing court lacks personal or subject matter jurisdiction or where the defendant has been deprived of due process, and that these conditions are absent here.

■ But whether the court would have subject matter jurisdiction to enforce a judgment after a determination of dischargeability is very doubtful. The bankruptcy act provides that "[a] discharge . . . *voids any judgment at any time obtained,* to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . of this title, whether or not discharge of such debt is waived."[5] The Ninth Circuit Bank-

ruptcy Appellate Panel recently ruled in *In re Pavelich* that section 524(a) expresses a rule of "subject matter jurisdiction" stripping a state court of "jurisdiction to require a debtor to pay a discharged debt."[6] Given the plain language of section 524(a) and *Pavelich,* we agree. Therefore, the district court will be deprived of subject matter jurisdiction to act on the judgment if the loan is discharged.

**C.** *Standifer's Right to Obtain a Determination of Dischargeability Was Not Waived.*

■ The state also argues that Standifer was required to plead discharge or dischargeability as a defense to the original action. The state's contention is, essentially, that bankruptcy discharge or dischargeability is an affirmative defense that must be pled, and if not, it is waived. The state cites no authority to support this argument. We reject it for two reasons.

■ First, lack of subject matter jurisdiction can always be used to attack a judgment entered by default.[7] Here, Congress has decided that courts cannot enter or maintain a judgment for a debt which is discharged. For a court to fail to honor a discharge would go beyond its jurisdiction.[8] Assuming that Standifer is able to succeed in showing undue hardship, he will be entitled to a discharge. The discharge, in turn, will deprive the district court of subject matter jurisdiction to continue the judgment in force.[9] There is no tenable argument that the judgment precludes Standifer from raising this defense,

*Innes,* 184 F.3d 1275, 1278 (10th Cir.1999) (debtor's action pursuant to § 523(a)(8) barred by Eleventh Amendment so long as state has not waived immunity); *In re Mitchell,* 222 B.R. 877, 882–83 (9th Cir.BAP1998) (Eleventh Amendment renders state immune from suit in bankruptcy court); *In re Kahl,* 240 B.R. 524, 535–36 (Bankr. E.D.Pa.1999) (same). The state relies on such recent authorities to explain its 180 degree turn in this case.

**4.** 685 P.2d 1232, 1236 (Alaska 1984) (internal citations omitted) (alterations in original).

**5.** 11 U.S.C. § 524(a)(1) (1999) (emphasis added).

**6.** 229 B.R. 777, 782 (9th Cir.BAP1999).

**7.** *See State, Child Support Enforcement Div. v. Bromley,* 987 P.2d 183, 187 (Alaska 1999); Restatement (Second) of Judgments § 12 cmt. f (1982). By contrast, where a judgment has been contested, lack of subject matter jurisdiction will serve as a basis for a collateral attack on a judgment only where certain conditions are met. *See Bromley,* 987 P.2d at 187.

**8.** *See Pavelich,* 229 B.R. at 781–82.

**9.** *See id.*

because the judgment was entered by default.

■ Second, the state's argument conflicts with section 524(a)(1), which provides that "[a] discharge ... voids any judgment at any time obtained ... whether or not discharge ... is waived." [10] We construe this to mean that bankruptcy discharge is a defense which cannot be waived for any reason, including a pleading failure.[11] The *Pavelich* panel has recently so held:

> By federal statute, any judgment of any court that does not honor the bankruptcy discharge is "void" to that extent. Specifically, a bankruptcy discharge "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived."

The discharge also operates as an injunction against the commencement or continuation of an action to collect a discharged debt as a personal liability of the debtor.

Section 524(a) was derived from former Bankruptcy Act § 14f, which was added in 1970 to correct a perceived abuse arising from the former status of a bankruptcy discharge as merely creating an affirmative defense that was waived if not affirmatively pleaded and proved in postbankruptcy litigation. By declaring that "any judgment theretofore or there after obtained in any other court is null and void as a determination of the personal liability of the bankrupt" as to discharged debts, Congress was expressly making it possible for a discharged debtor to ignore a creditor's subsequent action in a nonbankruptcy court.

The affirmative nature of the defense of discharge in bankruptcy, thus, was effectively outlawed in 1970. It became an absolute defense that relieved a discharged debtor from the need to defend a subsequent action in state court.

Thus, all judgments purporting to establish personal liability of a debtor on a discharged debt, including judgments obtained after bankruptcy, are void to that extent. They are not voidable, they are void ab initio as a matter of federal statute.[12]

For these reasons we conclude that bankruptcy discharge cannot be waived by a pleading failure and thus reject the state's waiver argument.

## IV. CONCLUSION

■ Because (1) the district court had jurisdiction to determine whether Standifer's student loan should be discharged for undue hardship, (2) Standifer's Rule 60(b)(4) motion was not time barred, and (3) Standifer's right to seek this determination was not waived, the district court should have made a determination of dischargeability. On remand, the court should make this determination. If undue hardship is found, the debt should be discharged and the judgment declared void. If undue hardship is not found, the judgment may be enforced. Our decision herein necessarily requires that the awards of attorney's fees and costs be vacated.

The judgments of the district court and superior court are REVERSED and this case is REMANDED to the district court with directions to determine the dischargeability of Standifer's student loan under the undue hardship provisions of the bankruptcy act and to conduct further proceedings consistent with this opinion.

---

**10.** 11 U.S.C. § 524(a)(1).

**11.** The revision notes explain that the language "whether or not discharge of such debt is waived" is "intended to prevent waiver of discharge of a particular debt from defeating the purposes of this section." 11 U.S.C. § 524(a) revision notes and legislative reports. One treatise also notes that "asserted waivers as to particular debts cannot be recognized if the debt is otherwise dischargeable." 2 Daniel R. Cowans, *Bankruptcy Law & Practice* § 5.21 (7th ed.1998).

**12.** *Pavelich,* 229 B.R. at 781–82 (internal citations omitted).