71 P.3d 464

**In the Matter of the Suspension of the Driver's License of Guy C. Hansen.**

**Guy C. HANSEN, Petitioner–Respondent– Appellant on Appeal,**

v.

**STATE of Idaho, Respondent–Appellant– Respondent on Appeal.**

**No. 28186.**

Court of Appeals of Idaho.

March 3, 2003.

Review Denied June 13, 2003.

Luboviski, Wygle, Fallowfield Williamson, Ketchum, for Respondent–Appellant on Appeal. Robert I. Fallowfield argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for Appellant–Respondent on Appeal. Lori A. Fleming argued.

PERRY, Judge.

Guy C. Hansen appeals from the intermediate appellate decision of the district court, reversing the magistrate's order granting Hansen's motion to set aside its previous order suspending Hansen's driver's license. We affirm.

## I.

### FACTS AND PROCEDURE

On January 20, 2001, Hansen was arrested for driving under the influence of alcohol (DUI) in violation of I.C. § 18–8004. Hansen refused to submit to an evidentiary test for alcohol concentration. The arresting officer played an audiotape informing Hansen of the consequences for failing to take an evidentiary test and also read portions of an advisory form clarifying the information on the tape. Hansen still refused to submit to the test. The officer informed Hansen that the suspension of his driver's license was automatic based upon his refusal to take the test. The officer failed to advise Hansen that he had a right to request a hearing concerning the reason for his refusal to submit to the evidentiary test. When Hansen asserted that he had a right to go before the trial court and explain that he had not been drinking, the officer stated that Hansen could defend against the criminal citation of DUI but that Hansen's license would nonetheless be automatically suspended.[1]

Two days later, Hansen retained an attorney. The attorney prepared and filed necessary documents to defend against the DUI violation. Although aware of Hansen's refusal to take the evidentiary test for alcohol concentration, counsel inadvertently failed to request a show cause hearing. After expiration of the seven-day time limitation to file such a request, Hansen's attorney discovered that the request had not been filed. In the meantime, the magistrate entered an order suspending Hansen's license.

Hansen's attorney thereafter filed a motion for relief from the magistrate's order suspending Hansen's license pursuant to I.R.C.P. 60(b)(1), asserting that by mistake, inadvertence, and excusable neglect he had failed to request a show cause hearing. After a hearing, the magistrate granted Hansen's request to set aside its previous order suspending his license. The magistrate also scheduled a show cause hearing, after which the magistrate refused to suspend Hansen's license. The magistrate concluded that the arresting officer had improperly advised

1. Pursuant to I.C. § 18–8002, a person who drives a vehicle in the state of Idaho is deemed to have given his or her consent to evidentiary testing for alcohol concentration if such testing is administered at the request of a police officer having reasonable grounds to believe that the person is driving under the influence of alcohol. If the person refuses to submit to such testing, the officer must inform the person of his or her .right to request a hearing within seven days to show cause for his or her refusal to submit to the evidentiary test. I.C. § 18–8002(3)(b). Failure to request a show cause hearing within seven days results in the automatic suspension of the person's driver's license. I.C. § 18–8002(4)(c).

Hansen concerning the consequences of his refusal to submit to the evidentiary alcohol concentration test.

The state appealed to the district court, asserting that the magistrate erred by setting aside its previous order suspending Hansen's driver's license and by refusing to suspend Hansen's license after the show cause hearing. On the intermediate appeal, the district court reversed the magistrate's order setting aside its order of suspension after concluding that Rule 60(b)(1) was not an available remedy for Hansen's untimely request for a show cause hearing. Hansen appeals.

## II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988). If the magistrate's findings of fact are supported by substantial and competent evidence, we will uphold those findings on appeal. *McNelis v. McNelis,* 119 Idaho 349, 351, 806 P.2d 442, 444 (1991). Over questions of law, we exercise free review. *Kawai Farms, Inc. v. Longstreet,* 121 Idaho 610, 613, 826 P.2d 1322, 1325 (1992).

## III.

## ANALYSIS

At the hearing on Hansen's motion for relief, the state contended that Rule 60(b)(1) [2] was not applicable to license suspension proceedings and was consequently not available to remedy Hansen's failure to timely request a show cause hearing. Rather, the state asserted that the request for a show cause hearing was governed by Misdemeanor Criminal Rule 9.2(b).[3] Hansen conceded that, in *Ausman v. State,* 124 Idaho 839, 864 P.2d 1126 (1993), the Idaho Supreme Court had held that Rule 60(b)(1) was not an available remedy for an untimely request for a show cause hearing. Hansen asserted, however, that M.C.R. 9.2 was amended subsequent to the decision in *Ausman* by the addition of subsection (e).[4] According to Hansen, the newly added subsection (e) made the Idaho Rules of Civil Procedure applicable to license suspension proceedings and a motion for relief under Rule 60(b)(1) was available to remedy his untimely request. The magistrate concluded that Hansen was entitled to relief from its order of suspension pursuant Rule 60(b)(1).

On the intermediate appeal, the district court noted that M.C.R. 9.2 was amended after the opinion in *Ausman.* However, the district court concluded that the amendment did not affect the basis of the Supreme Court's ruling in *Ausman* because, in that case, the Court dealt with a conflict between M.C.R. 9.2(b) and I.R.C.P. 60(b)(1). The district court determined that the conflict between the two rules was not affected by the addition of M.C.R. 9.2(e) and held that, because a conflict still existed between the M.C.R. 9.2(b) and Rule 60(b)(1) and because M.C.R. 9.2(b) was the more specific rule gov-

**2.** Pursuant to I.R.C.P. 60(b)(1), on a motion and upon such terms as are just, a court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect.

**3.** Misdemeanor Criminal Rule 9.2(b) provides:

After being presented with a sworn statement of an officer under this rule, if the person whose license was seized does not request a hearing within 7 days from the date of seizure of his license, as allowed by Section 18–8002, Idaho Code, the judge shall thereupon enter an order suspending the driver's license of the defendant for 180 days pursuant to Section 18–8002, Idaho Code, without further notice to the

party. The order suspending driving privileges and driver's license shall be effective upon execution and shall apply to all driving privileges of the person, including those granted by any temporary license or permit issued by a police officer. The duty of the judge to enter such an order is a ministerial duty in which the judge has no discretion as to whether the order is to be entered.

**4.** Misdemeanor Criminal Rule 9.2(e) provides that a hearing under I.C. § 18–8002 is a civil hearing and is governed by the Idaho Rules of Civil Procedure except that the discovery rules, Rules 26 through 37, do not apply to such hearings and Rule 16 of the Idaho Criminal Rules governs all discovery.

erning the issue, Rule 60(b)(1) was not an available remedy for Hansen's untimely request for a show cause hearing.

■ Hansen again asserts on the present appeal that, pursuant to M.C.R. 9.2(e), the Idaho Rules of Civil Procedure are applicable to all stages of license suspension proceedings and that the district court erred by concluding that Rule 60(b)(1) does not apply to relieve him from his untimely request for a show cause hearing. The construction and application of legislative enactments and, by analogy, court rules are questions of law over which we exercise free review. *See Koch v. Micron Technology*, 136 Idaho 885, 886, 42 P.3d 678, 679 (2002).

In *Ausman*, Ausman's driver's license was seized when he refused to submit to a blood alcohol test after being arrested on suspicion of DUI. Ausman retained an attorney, but the attorney failed to file a timely request for a show cause hearing and Ausman's driving privileges were consequently suspended. Ausman then retained different counsel and filed a motion to vacate the order suspending his driver's license pursuant to I.R.C.P. 60(b)(1). The magistrate denied Ausman's motion after perceiving a conflict between Rule 60(b)(1) and M.C.R. 9.2(b) and concluded that Rule 60(b)(1) was therefore not applicable to license suspension proceedings. The district court affirmed on the intermediate appeal.

On appeal to the Supreme Court, Ausman argued that a license suspension hearing was civil in nature and was, therefore, governed by the Idaho Rules of Civil Procedure. Ausman further claimed that there was no conflict between Rule 60(b)(1) and M.C.R. 9.2(b) because those two rules could be consistently applied by construing M.C.R. 9.2(b) as requiring the trial court to enter an order suspending driving privileges if no hearing was requested within seven days but not prohibiting the court from subsequently granting relief from that order upon the grounds provided by Rule 60(b)(1).

Although the Supreme Court agreed that the pleading rules of the Idaho Rules of Civil Procedure were applicable to license suspension proceedings, the Court noted that no appellate decision had ever held that all of the civil rules applied to such proceedings. The Court concluded that it would be inconsistent for courts to have no discretion as to whether to suspend a driver's license if no hearing was requested within seven days pursuant to I.C. § 18–8002 and M.C.R. 9.2(b) but then later be given discretion to vacate the suspension under Rule 60(b)(1). The Court viewed the issue as one involving the interpretation of a specific rule, M.C.R. 9.2(b), and a more general rule, Rule 60(b)(1). The Court noted that a specific statute, and by analogy a specific rule of civil or criminal procedure, controls over a more general statute or rule when there is any conflict between the two or when the general statute or rule is vague or ambiguous. The Court concluded that I.C. § 18–8002(3) and M.C.R. 9.2(b) are clear, specific, and mandatory with respect to what a trial court must do if a driver refused to take a blood alcohol test and failed to request a show cause hearing within seven days, and that Rule 60(b)(1) was a general rule of civil procedure by which a trial court was given discretion whether to grant relief from an order or judgment. Therefore, the Court held that a conflict would arise if Rule 60(b)(1) were available to remedy Ausman's untimely request for a show cause hearing. Consequently, the Court held that M.C.R. 9.2(b) controlled over Rule 60(b)(1) and that Rule 60(b)(1) was unavailable to relieve Ausman from his untimely request for a show cause hearing.

In 1997, after the decision in *Ausman*, M.C.R. 9.2 was amended and subsection (e) was added. There is no indication in M.C.R. 9.2 that the Supreme Court intended to overrule the precedent set in *Ausman* with the addition of subsection (e). Although making the Idaho Rules of Civil Procedure applicable to the show cause *hearings*, the Court did not state that the rules were applicable to all stages of license suspension proceedings. In addition, no amendment to Rule 9.2(b) governing the request for a hearing was made by the Court.

Further, even assuming that the Idaho Rules of Civil Procedure generally apply to all stages of license suspension proceedings by virtue of M.C.R. 9.2(e), we are faced with the precise issue addressed by the Supreme

Court in *Ausman*—that is, a conflict between M.C.R. 9.2(b) and Rule 60(b)(1). Nothing in M.C.R. 9.2(e) indicates or implies that the Idaho Rules of Civil Procedure take precedence over the Misdemeanor Criminal Rules in license suspension proceedings. As the Supreme Court held in *Ausman*, M.C.R. 9.2(b) is the more specific rule and it therefore controls over the more general Rule 60(b)(1). Hansen has failed to overcome the hurdle of this basic tenant of statutory construction. Accordingly, we uphold the district court's determination that Rule 60(b)(1) is not available to relieve Hansen from his untimely request for a show cause hearing.

## IV.

## CONCLUSION

There is no indication in M.C.R. 9.2 that the Supreme Court intended to overrule the precedent set in *Ausman* with the adoption of subsection (e). Assuming the general applicability of the Idaho Rules of Civil Procedure to license suspension proceedings by virtue of M.C.R. 9.2(e), we conclude that a conflict remains between M.C.R. 9.2(b) and I.R.C.P. 60(b)(1). Because M.C.R. 9.2(b) is the more specific rule, it controls over the more general Rule 60(b)(1). Therefore, we hold that Rule 60(b)(1) is not available to remedy Hansen's untimely request for a show cause hearing. The intermediate appellate decision of the district court, reversing an order of the magistrate granting Hansen's motion to set aside the magistrate's previous order suspending Hansen's driver's license, is affirmed.

Chief Judge LANSING and Judge Pro Tem JUDD concur.