**Michael L. McLAUGHLIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–10140.**

Court of Appeals of Alaska.

Aug. 14, 2009.

Rehearing Denied Sept. 8, 2009.

Michael L. McLaughlin, pro se, Kenai, Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## *OPINION*

COATS, Chief Judge.

Michael L. McLaughlin was convicted of felony driving under the influence[1] on May 5, 2004, after pleading no contest. Nearly three years later, on March 21, 2007, McLaughlin filed a pro se application for post-conviction relief. McLaughlin admitted that he had filed the application outside of the statute of limitations.[2] But he relied on Alaska Civil Rule 60(b) to argue that he was entitled to litigate the merits of his application despite the fact that it was untimely because the judgment was void.[3] Superior Court Judge Carl Bauman dismissed McLaughlin's application on the ground that it was untimely. McLaughlin appeals. We affirm.

*Why we conclude that McLaughlin cannot use Civil Rule 60(b) to circumvent the statute of limitations for a post-conviction relief application*

Alaska Statute 12.72.010 and Alaska Criminal Rule 35.1 define the grounds and the procedures (other than a direct appeal) by which a person who is convicted of a criminal offense can attack a conviction. Alaska Statute 12.72.020 provides a statute of limitations on applications for post-conviction relief. McLaughlin admits that he filed his application beyond this statute of limitations. However, McLaughlin relies on portions of Civil Rule 60(b) to argue that the statute of limitations should not bar him from challenging his conviction as void.[4]

Civil Rule 60(b) authorizes a court to relieve a party from "a final judgment, order or

1. AS 28.35.030(n).

2. *See* AS 12.72.020(a)(3)(A).

3. *See Burrell v. Burrell,* 696 P.2d 157, 163 n. 11 (Alaska 1984) (noting that there is no time limit

for attacking a void judgment under Civil Rule 60(b)(4)).

4. *See* Alaska R. Civ. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or

proceeding" for listed reasons in a civil case.[5] Alaska Statute 12.72.010 and Criminal Rule 35.1 apply when a person who has been convicted of a criminal offense seeks relief from that conviction. Criminal Rule 35.1(b) states that post-conviction relief is "intended to provide a standard procedure for accomplishing the objectives of all of the constitutional, statutory or common law writs."[6] Thus, AS 12.72.010 and Criminal Rule 35.1 apply to the collateral review of McLaughlin's criminal conviction—Civil Rule 60(b) does not.

It is true that Criminal Rule 35.1(g) provides that the civil rules (except Rule 26(a)(1)-(4)) apply in post-conviction relief actions. But this use of the rules of civil procedure is meant merely to provide an orderly process for determining post-conviction claims. The civil rules do not create an alternate procedure for seeking relief from a criminal judgment. The procedure for collateral attack of a criminal judgment is explicitly set out in AS 12.72.010 and Criminal Rule 35.1(a).

Alaska Statute 12.72.010 and Criminal Rule 35.1 broadly define the grounds upon which a person may institute a proceeding for post-conviction relief. And McLaughlin has not argued that his claims would have fallen outside the scope of that statute and rule if he had filed them on time. He cannot now use the civil rules to circumvent the statute of limitations stated in AS 12.72.020. The legislature did not intend for a person to be able to evade this statute of limitations simply by claiming that Civil Rule 60(b) applies.

*Conclusion*

The judgment of the superior court is AFFIRMED.

MANNHEIMER, Judge, concurring.

proceeding for the following reasons: ... (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void.").

**5.** *See* Alaska R. Civ. P. 1 ("The procedure in the superior court ... shall be governed by these rules in all actions or proceedings of a civil nature.").

**6.** *See also* AS 12.72.010(6) (authorizing use of the post-conviction procedure for any claim "that

MANNHEIMER, Judge, concurring.

The question presented in this appeal is whether a criminal defendant can employ Alaska Civil Rule 60(b) to circumvent the limitation periods specified in AS 12.72.020 for initiating a petition for post-conviction relief. I agree with my colleagues that Civil Rule 60(b) can not be employed in this manner, but I reach that conclusion for slightly different reasons.

The first underlying question in this case is whether Civil Rule 60(b) provides a method for attacking *criminal* judgements as well as *civil* judgements. We noted, but did not resolve, this issue in *Wilson v. State*, Alaska App. Memorandum Opinion No. 2908 (May 4, 1994), 1994 WL 16196274 at *8–9.

As the majority opinion points out, it is dubious that Civil Rule 60(b) offers a procedural method for criminal defendants to collaterally attack their judgements. Rather, it appears that the Alaska Legislature and the Alaska Supreme Court intended AS 12.72 and Alaska Criminal Rule 35.1 to codify the sole method for collaterally attacking a criminal judgement (that is, attacking it other than by direct appeal).

This conclusion is bolstered by the supreme court's enactment of subsection (m) of Civil Rule 86, the rule codifying habeas corpus procedure in Alaska. Even though petitions for writ of habeas corpus are the method for collaterally attacking a criminal conviction under federal law,[1] Civil Rule 86(m) declares that, under Alaska law, this use of the habeas corpus remedy has been superseded by the post-conviction relief procedure specified in Criminal Rule 35.1—and that, if a defendant files a petition for writ of habeas corpus whose object is to attack a criminal conviction, "[t]he court shall 35.1".

the conviction or sentence is otherwise subject to collateral attack upon any ground or alleged error previously available under the common law, statutory law, or other writ, motion, petition, proceeding, or remedy.").

**1.** *See* 28 U.S.C. §§ 2254 (federal criminal convictions) and 2255 (state criminal convictions).

Civil Rule 86(m) codifies the decision reached earlier by this Court in *Wood v. Endell,* 702 P.2d 248 (Alaska App.1985), a case in which a prisoner filed a petition for habeas corpus attacking his criminal conviction. Based on the Alaska Supreme Court's discussion in *Donnelly v. State,* 516 P.2d 396, 398 n. 2 (Alaska 1973), we concluded that the post-conviction relief procedures codified in Criminal Rule 35.1 were intended to supersede the habeas corpus remedy, and thus a habeas corpus petition attacking a criminal conviction should normally be deemed a petition for post-conviction relief. *Wood,* 702 P.2d at 249 n. 1.

Likewise, a criminal defendant who attempts to attack a criminal conviction by filing a motion under Civil Rule 60(b) should be deemed to have initiated a petition for post-conviction relief. This is, indeed, the result reached by several other appellate courts who have confronted this issue.

*See People v. Thomas,* 195 P.3d 1162, 1165 (Colo.App.2008); *Hansen v. State,* 138 Idaho 865, 71 P.3d 464, 467–68 (App.2003); *Lottie v. State,* 273 Ind. 529, 406 N.E.2d 632, 639 (1980);[2] *State v. Schlee,* 117 Ohio St.3d 153, 882 N.E.2d 431, 433–34 (2008); *Jackson v. State,* unpublished, 2007 WL 2231072 at *1 (Del.2007).

For these reasons, I agree with my colleagues that Civil Rule 60(b) was not intended as a procedural vehicle for criminal defendants seeking post-conviction relief.

(In contrast, see *State v. Superior Court,* 40 P.3d 1239, 1241 (Alaska App.2002), where this Court held that judgements ordering forfeiture of bail are primarily civil in nature, even though they almost always arise from criminal prosecutions, and thus Civil Rule 60(b) is available as a procedural vehicle to seek relief from a judgement of bail forfeiture.)

Moreover, I conclude that, even if Civil Rule 60(b) were available as a procedural method for attacking a criminal judgement, McLaughlin's Rule 60(b) motion was untimely.

McLaughlin presented two underlying claims for relief. His first claim is that his criminal conviction should be set aside because the conviction was obtained through "witness tampering, the suborning and/or [proffering] of perjured testimony, and criminal coercion".

This first claim is covered by Civil Rule 60(b)(3), which provides for relief from judgements obtained by "fraud ..., misrepresentation, or other misconduct of an adverse party". However, Rule 60(b) declares that any claim for relief under subsection (b)(3) must "be made within a reasonable time", and in any event "not more than one year after the date of notice of the judgment".

McLaughlin missed this one-year deadline, but he relies on the Alaska Supreme Court's decision in *Mallonee v. Grow,* 502 P.2d 432, 436–37 (Alaska 1972), where the court held that this one-year deadline does not apply to cases where the challenged judgement was obtained through "fraud upon the court".

(See *Allen v. Bussell,* 558 P.2d 496, 500 (Alaska 1976), for a discussion of what constitutes a "fraud upon the court" as opposed to other varieties of fraud.)

I assume (for purposes of argument) that when the State obtains a criminal conviction through witness tampering and by knowingly presenting perjured testimony, this conduct is sufficiently egregious to constitute a "fraud upon the court" for purposes of the *Mallonee* rule—and thus the one-year deadline would not apply to McLaughlin's claim for relief.

Nevertheless, *Mallonee* holds that *all* claims for relief under Civil Rule 60(b)(3)—even claims involving a fraud upon the court—are subject to Rule 60(b)'s general requirement that the claim "be made within a reasonable time". *Mallonee,* 502 P.2d at 437, quoting Rule 60(b). The question, then, is whether McLaughlin's claim was made "within a reasonable time" for purposes of Rule 60(b). Because McLaughlin's claim for relief was not filed within the limitation period specified in AS 12.72.020 for post-conviction relief actions, I conclude that it was not made within a "reasonable time" for purposes of Civil Rule 60(b).

**2.** Overruled on other grounds in *Ludy v. State,* 784 N.E.2d 459 (Ind.2003).

The Alaska Supreme Court addressed an analogous problem in *Alaska Truck Transport, Inc. v. Berman Packing Company*, 469 P.2d 697 (Alaska 1970). The two parties to that litigation went to court over a dispute about money, and the superior court entered judgement in favor of Berman Packing.[3] Eleven months later, the losing party—Alaska Truck Transport—filed a motion for relief under Civil Rule 60(b)(1), asserting that the superior court had overlooked governing principles of law, and that these legal doctrines required the court to enter judgement in favor of Alaska Truck Transport.[4]

The Alaska Supreme Court noted that Alaska Truck Transport's motion for relief from judgement was made within the one-year limitation period that applies to motions under subsection (b)(1) of the rule.[5] But the supreme court noted that the one-year limitation period was simply the outer time limit for bringing claims under subsection (b)(1)— and that any claim for relief under *any* of the provisions of Civil Rule 60(b) still had to filed within a reasonable time.[6]

The supreme court then took up the issue of whether Alaska Truck Transport's claim for relief was filed within a reasonable time. The supreme court held that, because the underlying claim for relief was based on an assertion that the lower court failed to follow governing law (in other words, it was a claim that might have been raised on direct appeal), the phrase "reasonable time" should be construed to mean no more than 30 days— *i.e.*, the time for taking an appeal—so that Rule 60(b) could not be used as a procedural method for circumventing the time limits on appeals. *Id.* at 699–700.

The supreme court reiterated this principle in *Rowland v. Monsen*, 135 P.3d 1036 (Alaska 2006):

> Rowland's due process claims [in her Civil Rule 60(b) motion] only reiterate the argument she made [to the trial court] in her August 2000 motion to reconsider. She therefore knew of these potential grounds for relief at the time the [trial

court's] underlying order [was] issued. Her appropriate course would have been to appeal the merits of the [trial court's] order at that time. As Rule 60(b) is neither a substitute for an appeal nor a device for obtaining an extension of time for filing an appeal, Rowland waived her right to seek Rule 60(b) relief on these claims.

*Rowland*, 135 P.3d at 1039–1040 (internal footnote omitted).

McLaughlin's case presents an analogous situation. McLaughlin was aware of the factual bases of his claims during the litigation of his criminal case. Thus, he could have raised these claims in a timely petition for post-conviction relief. The legislature has established time limits for bringing post-conviction relief claims—the time limits codified in AS 12.72.020. Thus, even if Civil Rule 60(b) theoretically remained available to McLaughlin as a procedural method for attacking his criminal conviction, we would have to hold that, for litigants in McLaughlin's situation, the time limits set forth in AS 12.72.020 constitute the outer limits of the "reasonable time" for filing a motion for relief under Civil Rule 60(b)(3). If we ruled otherwise, Civil Rule 60(b)(3) could be used to circumvent those time limits—and, as the Alaska Supreme Court indicated in *Alaska Truck Transport* and *Rowland*, this result is contrary to the policy behind the rule.

Accordingly, even if Civil Rule 60(b) were potentially available as a means for attacking a criminal judgement, McLaughlin's claim under Civil Rule 60(b)(3) was untimely.

This leaves McLaughlin's second claim for relief. McLaughlin's second claim is that the superior court lost its jurisdiction over him because his defense attorney was subject to intimidation and interference on the part of the State. McLaughlin asserts that the State obstructed the defense attorney to such an extent that he (McLaughlin) was "constructively denied counsel". McLaughlin then argues that this "constructive" denial of counsel deprived the superior court of jurisdiction over him, and the resulting judge-

---

**3.** *Alaska Truck Transport,* 469 P.2d at 698.

**4.** *Id.*

**5.** *Id.* at 699.

**6.** *Id.* at 699.

ment of conviction issued by the superior court is therefore void.[7]

As McLaughlin explained in his superior court pleadings, this claim is based on several underlying factual assertions.

According to McLaughlin, the State was tardy in making pre-trial disclosure of evidence pertinent to his breath test result. After the State finally produced this evidence, McLaughlin suspected that it was not authentic—leading to an acrimonious dispute between McLaughlin and his defense attorney about whether to attack the evidence. (According to McLaughlin, he wrote a "scathing letter" to his defense attorney and his attorney's supervisor, threatening them with bar disciplinary proceedings.)

In addition, McLaughlin claimed that his defense attorney "was becoming uncommunicative and uncooperative" with McLaughlin because the attorney was "overworked", and because of pressure exerted by the prosecutor, and because the defense attorney "was ... in over his head[,] dealing with a vastly more experienced [prosecutor]".

In other words, McLaughlin's claim that he was "constructively denied counsel" is based on assertions that his defense attorney was both feckless and estranged from McLaughlin.

McLaughlin wishes to categorize his claim as a claim under Civil Rule 60(b)(4), which provides for relief when "the [challenged] judgment is void". If this is a correct characterization of McLaughlin's claim, then he is not subject to Rule 60(b)'s normal time limits for seeking relief—because the Alaska Supreme Court has repeatedly held that motions to overturn a void judgement under Civil Rule 60(b)(4) are not subject to the same time constraints as other motions under Civil Rule 60(b).[8]

However, the proper characterization of McLaughlin's claim for relief—in particular, whether McLaughlin's claim for relief is properly classified under Civil Rule 60(b)(4)—is a question of law to be decided by the courts.[9]

For purposes of Civil Rule 60(b)(4), a judgement is void if "the defendant was not given proper notice of the action and [adequate] opportunity to be heard ... or where there was a failure to comply with [the] requirements ... necessary for the valid exercise of power by the court". *Rowland,* 135 P.3d at 1038.[10]  Specifically, "[a] judgment rendered [by a court] without jurisdiction is void and is ... vulnerable to attack pursuant to a Rule 60(b)(4) motion." *Balchen v. Balchen,* 566 P.2d 1324, 1326 (Alaska 1977). *Accord, State v. Superior Court,* 40 P.3d 1239, 1242–43 (Alaska App.2002).

However, as our supreme court held in *Kenai Peninsula Borough v. English Bay Village Corp.,* 781 P.2d 6 (Alaska 1989), attacks on a judgement under Civil Rule 60(b)(4)—*i.e.,* assertions that the judgement is "void" on the basis that the court lacked authority to enter the judgement—"[must] be limited to cases which involve an arrogation of authority which the court clearly lacks". 781 P.2d at 10. As the supreme court explained, unless Civil Rule 60(b)(4) is limited in this fashion, judgements would be considered "void"—and, thus, attackable in perpetuity—"merely because serious mistakes have been made." *Id.*

Thus, a judgement is void only when the court was not properly constituted, or had no jurisdiction over a party or over the subject matter of the litigation, or when the party attacking the judgement was not given proper notice of the action and an opportunity to be heard, or when the court otherwise failed to comply with the basic requirements necessary for a valid exercise of power by the

---

7. *See Johnson v. Zerbst,* 304 U.S. 458, 467–68, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938) (holding that when a defendant is denied the right to counsel, this denial of counsel deprives the court of jurisdiction and renders void any ensuing judgement issued by the court).

8. *See Standifer v. State,* 3 P.3d 925, 928 (Alaska 2000); *Burrell v. Burrell,* 696 P.2d 157, 163 n. 11 (Alaska 1984); *Kennecorp Mortgage & Equities,*

*Inc. v. First National Bank of Fairbanks,* 685 P.2d 1232, 1236 (Alaska 1984).

9. *See Ray v. Ray,* 115 P.3d 573, 576 (Alaska 2005); *Jensen v. Froissart,* 982 P.2d 263, 266 (Alaska 1999).

10. Quoting *Burrell v. Burrell,* 696 P.2d 157, 163 n. 11 (Alaska 1984).

court.[11] Unless these types of circumstances are present, a motion for relief from a judgement can not (as a legal matter) be deemed a claim under Civil Rule 60(b)(4)—even though the litigant may have labeled the claim as being brought under Rule 60(b)(4). *Burrell v. Burrell,* 696 P.2d 157, 163 n. 11 (Alaska 1984).

McLaughlin claims that he was "constructively" denied counsel because, even though he had a defense attorney, this attorney was too inexperienced, and too intimidated by the prosecutor, to adequately represent McLaughlin and protect his interests. But in *Brockway v. State,* 37 P.3d 427 (Alaska App.2001), this Court held that such circumstances do *not* constitute the kind of denial of counsel that deprives a court of jurisdiction:

> [A] defendant [is] completely denied the right to counsel ... [if] the defendant ask[s] for counsel and [is] denied one or ... [if] the defendant proceed[s] without counsel and the trial judge did not obtain a knowing waiver of the right to counsel.... [A]s we recognized in *Flanigan v. State,* [3 P.3d 372, 376 (Alaska App.2000),] when a defendant is completely deprived of the right to counsel, it is equivalent to a lack of jurisdiction. However, this exception is strictly construed[:] it does not apply to instances where the defendant had counsel but now claims that his attorney was ineffective.

*Brockway,* 37 P.3d at 430 (internal footnotes omitted).

Thus, even if McLaughlin's attorney labored under the types of disability ·that McLaughlin alleges, McLaughlin was not "constructively denied" counsel in a way that would deprive the superior court of jurisdiction over him—and, therefore, the judgement that the superior court issued against McLaughlin is not "void" for purposes of Civil Rule 60(b)(4). McLaughlin may wish to label his claim for relief as a claim under Civil Rule 60(b)(4), but it is not.

For all of these reasons, I concur in the result reached by my colleagues: McLaughlin can not employ Civil Rule 60(b) as an alternative procedural vehicle for seeking post-conviction relief when his request for relief is untimely under AS 12.72.020.

**11.** *Holt v. Powell,* 420 P.2d 468, 471 (Alaska 1966).