**William DeVANEY, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, ex rel. Deborah DeVANEY, Appellee.**

No. S–7268.

Supreme Court of Alaska.

Dec. 20, 1996.

Karla F. Huntington and Joseph D. O'Connell, Mendel & Huntington, Anchorage, for Appellant.

---

**3.** Based on our resolution of this issue, we need not reach the issue of constructive abandonment.

Diane L. Wendlandt, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COMPTON, C.J., and RABINOWITZ, MATTHEWS, EASTAUGH and FABE, JJ.

## OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

The superior court denied William DeVaney's motion seeking relief from a 1991 order that modified a 1984 dissolution decree to correct an error in the decree. DeVaney appeals. We affirm.

## II. FACTS AND PROCEEDINGS

In March 1984 William DeVaney and Deborah DeVaney submitted to the superior court a petition for the dissolution of their marriage. The petition provided that Deborah would have physical custody of the DeVaneys' four children during the school year. It further provided that William would pay child support of "*$175.00 per month, per child* ... for a total of $700.00 per month," excluding the summer months during which he would have custody of the children. (Emphasis added.)

At a hearing on the petition, the court stated, "I have provided for child custody and support as set out in the petition." In the decree it issued following the hearing the court incorporated as part of its findings "[t]he agreements of the petitioners as outlined in the petition," and therefore ordered:

2. Petitioners shall perform their agreements as incorporated in the findings.

3. Child Custody and Support: Joint custody of parties; Visitation per agreement as in petition. Physical custody with Mother in school year; Physical custody with Father in vacations including sum-

mer. *$175 per month support by father* except period June 1—Aug 31. *Total $175.00 per month* paid 15th each month beginning 5/15/84.

(Emphasis added.)

William knew the court had erred when it set the total amount of child support at $175 per month, rather than at $175 per child per month for a total amount of $700 per month. The court's error notwithstanding, he agreed to pay Deborah $700 per month. Thus neither party informed the court of the discrepancy between the $700 child support total in the petition and the $175 total in the court's decree.

In December 1990 William sent a letter to the court seeking a reduction in his child support obligation. Apparently the court discovered the discrepancy between the petition and the decree while reviewing the file to respond to this letter. In April 1991 the court issued an order amending the last two sentences of paragraph three of the order section of the 1984 decree to read: "$175.00 per month *per child* support by father except period June 1—Aug 31. Total *$700.00* per month paid 15th of each month beginning 5–15–84." It wrote, "[t]his order is made on the court's own motion and is made pursuant to [Alaska Civil Rule] 60(a) ... to correct the computational error in the original decree."

In May 1995 William filed a motion seeking relief from the 1991 order. The superior court denied the motion.

## III. DISCUSSION

### A. Standard of Review.

■ William claimed before the superior court that the 1991 order was void and sought relief from it pursuant to Alaska Civil Rule 60(b)(4).[1] "Although under other subsections of Rule 60(b) the movant must show that denial of the motion below was an abuse

---

1. Alaska Civil Rule 60(b)(4) provides:
 (b) On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:
 ....
 (4) the judgment is void[.]
 William filed his motion for relief from judgment more than four years after the superior

court entered the 1991 order amending the 1984 decree. Generally, such a long delay would bar his motion. *See* Alaska R.Civ.P. 60(b); *Burrell v. Burrell*, 696 P.2d 157, 163 (Alaska 1984). However, there is no time limit on an attack on a judgment as void. *See Burrell*, 696 P.2d at 163 n. 11; *Kennecorp Mortgage & Equities, Inc. v. First Nat'l Bank of Fairbanks*, 685 P.2d 1232, 1236 (Alaska 1984).

of discretion in order to prevail on the appeal, no question of the lower court's discretion is presented by a Rule 60(b)(4) motion because the validity of a judgment is strictly a question of law." *Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974); *see also Kennecorp Mortgage & Equities, Inc. v. First Nat'l Bank of Fairbanks*, 685 P.2d 1232, 1236 (Alaska 1984).

 William argues that the 1991 order is void because the court issued it in a manner inconsistent with due process of law.[2] Whether a state action violates the due process protections of the state or federal constitution is a question of law. *Carvalho v. Carvalho*, 838 P.2d 259, 261 n. 4 (Alaska 1992). William further argues that the error in the 1984 decree is not of the type covered by Alaska Civil Rule 60(a), which provides for the correction of clerical errors. Whether an error is properly classified as a "clerical error" as that term is used in Rule 60(a) involves interpretation of that rule and therefore is a question of law. *See Staso v. State, Dep't of Transp.*, 895 P.2d 988, 990 (Alaska 1995) (finding that interpretation of Alaska Civil Rule 42(c) is a question of law). This court reviews questions of law *de novo*. *Jones v. Jennings*, 788 P.2d 732, 735 (Alaska 1990).

B. *William Was Not Denied Due Process.*

 William argues that due process requires notice and an opportunity to be heard prior to the correction of an error that has been in place for so substantial a period as the seven years in this case. His due process argument fails. William has not shown an interest of sufficient importance to trigger due process protection. "It is well-established that this court will take cognizance of a due process claim only where there is an alleged deprivation of a sufficient 'liberty' or 'property' interest to warrant constitutional protection." *Hornaday v. Rowland*, 674 P.2d 1333, 1344 (Alaska 1983).

According to William, "[t]he private interest in this case was William DeVaney's interest in being heard before his rights and obligations under the 1984 Decree were altered." William is claiming that the denial of a hearing deprived him of the interest he had in the court's error. That is not an interest sufficient to warrant constitutional protection. Thus the 1991 order does not violate due process.

C. *The Court's Error Was Correctable Pursuant to Rule 60(a).*

 Alaska Civil Rule 60(a) provides in part:

**Clerical Mistakes.** Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

William argues that the court "erred in applying Rule 60(a) because the error in the 1984 Decree was judicial in character rather than clerical." "The child support provisions of the 1984 Decree may have been mistaken, but they accurately reflected the trial court's intent." This argument is without merit.[3]

"Authorities agree that relief, pursuant to [Rule] 60(a), is not limited to those errors made by clerks." *Allen v. Bussell*, 558 P.2d 496, 501 n. 8 (Alaska 1976). "The correction contemplated by Rule 60(a) must be undertaken for the purpose of reflecting the actual intention of the court and the parties." *Lindsay v. Atkin*, 680 P.2d 401, 402 (Utah 1984) (interpreting Rule 60(a) of the Utah Rules of Civil Procedure, which contains language parallel to Alaska Civil Rule 60(a)).

Here, the clear intent of the parties was for William to pay child support of "$175.00

---

2. Amendment XIV, section 1 of the U.S. Constitution provides in part: "No state shall ... deprive any person of life, liberty, or property, without due process of law[.]"

 Article I, section 7 of the Alaska Constitution provides in part: "No person shall be deprived of life, liberty, or property, without due process of law."

William's assertion that a judgment can be rendered void if entered in violation of due process is correct. *See Aguchak*, 520 P.2d at 1354.

3. Moreover, it conflicts with his earlier admission that the trial court's "$175.00 per month child support" language was "misstated."

per month, per child, ... for a total of $700 per month." Their intent is evident from the language of the petition and from William's agreement to pay $700 per month despite the court's error. The court's clearly stated intent was to give force to the "agreements of petitioners as outlined in the petition." The court's order of $175.00 per month total child support was in direct conflict with both the parties' and the court's intent. It is properly characterized as a clerical error.

 The clear language of the rule establishes that the court can correct such an error "at any time." The "if any" modifying "after such notice" establishes that the court need not notify the parties prior to correcting a clerical error. Thus, the court's 1991 order was within the bounds of Rule 60(a).

D. *The Correction of the 1984 Decree Was Not a Prohibited Retroactive Modification of Child Support Arrearages.*

William argues that the 1991 order violates state and federal laws prohibiting retroactive modification of child support. As the State argues, the 1991 order did not modify DeVaney's support obligation. It merely modified the 1984 decree to eliminate the inconsistency between the incorporated agreement, which reflected the intent of the parties and the court, and the court's erroneous restatement of it in the order section of the decree. As the superior court correctly observed in denying DeVaney's motion, "Mr. DeVaney had an obligation to pay $700 total per month in child support pursuant to the dissolution decree even before the Court amended the decree to correct its error."[4]

IV. *CONCLUSION*

The judgment of the superior court is AFFIRMED.

---

4. From this statement, William concludes that "[t]he trial court's position was that the child support provisions of the 1984 Decree were void *ab initio* ...." He argues that this position is incorrect and that the "trial court erred in failing to accord full faith and credit to the 1984 Decree." We are skeptical of the conclusion William draws from the court's language. In any event, his argument that the court erred in not giving "full faith and credit" to the 1984 decree is different from the argument that the superior court erred in modifying the decree in form only and is without merit.