Francis P. XAVIER, Appellant,

v.

STATE of Alaska, Appellee.

No. A–10589.

Court of Appeals of Alaska.

June 15, 2012.

Jane B. Martinez, Contract Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Timothy W. Terrell, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and John J. Burns, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

## OPINION

BOLGER, Judge.

In 1985, Francis P. Xavier pleaded no contest to second-degree murder. Twenty years later, Xavier filed an application for post-conviction relief, which the superior court dismissed as untimely. On appeal, Xavier claims that the legislature did not intend for this statute of limitations to apply to first-time applicants for post-conviction relief, and that denying him the opportunity to file a post-conviction relief application violates his right to due process.

The language of the post-conviction relief statute and its legislative history give no indication that the legislature intended to exempt first-time applicants from the operation of the statute of limitations. And we conclude it was not fundamentally unfair to apply this statute to Xavier to prevent him from filing an application twenty years after his conviction. We therefore affirm the trial court's order dismissing Xavier's application.

### Background

In October 1985, Xavier pleaded no contest to second-degree murder and was sentenced to eighteen years' imprisonment with ten years suspended. He did not appeal his conviction.

At the time Xavier was convicted, there was no time limit for post-conviction relief actions. But in 1995, the legislature enacted a two-year statute of limitations.[1] The legislature also provided that anyone convicted before July 1, 1994, would have until July 1, 1996, to file an application for post-conviction relief.[2]

In August 2006, more than twenty years after he was convicted, and more than ten years after the July 1, 1996 deadline, Xavier filed a post-conviction relief application, alleging that his original attorney provided ineffective assistance of counsel. The superior court appointed an attorney, who filed a motion requesting a ruling on the timeliness of Xavier's application. In response, the superior court dismissed Xavier's application for post-conviction relief, concluding that it was barred by the statute of limitations.

### Discussion

*The statute of limitations on post-conviction relief applications applies to first-time applicants.*

---

1. *See* former AS 12.72.020(a)(3)(A) (2006). In 2008, the legislature reduced the statute of limitations period from two years to eighteen months. *See* AS 12.72.020(a)(3)(A).

2. Ch. 79, § 40, SLA 1995.

Alaska Statute 12.72.020(a)(3)(A), as originally enacted, provided that a post-conviction relief claim could not be brought more than "two years after the entry of a judgment of the conviction." [3] For individuals who were convicted prior to July 1, 1994, the legislature provided a savings clause, which appears to include first-time applicants: "[A] person whose conviction was entered before July 1, 1994, has until July 1, 1996, to file a claim...." [4]

These statutory provisions were submitted to the 1995 legislature in House Bill 201.[5] In his transmittal letter, the governor stated that the purpose of the proposal was to "address[ ] many of the problems arising from prisoner litigation, sentence appeals, and frivolous or extremely tardy post-conviction relief motions." [6] The governor stated that House Bill 201 was "also intended to promote the finality of convictions, preserve the sanctity of jury verdicts, minimize the litigation of stale claims, and prevent the unjustified dismissal of a criminal case when reprosecution is not possible." [7]

Xavier relies on sections of the transmittal letter that specifically address the problems of successive rounds of post-conviction relief.[8] Based on this language, Xavier argues that successive applications were the primary focus of this legislation. But Xavier ignores the section of this letter in which the governor refers specifically to the proposed statute of limitations and states that this provision was intended to "impose[ ] a maximum time limit from the entry of a conviction for filing an application for post-conviction relief to challenge a judgment of conviction." [9] This language suggests that the legislation's drafters intended to impose a statute of limita-

tions on all applications for post-conviction relief and not solely on successive applications.

■ Both the language of the savings clause and the statute's legislative history undercut Xavier's argument. We conclude that the statute of limitations does apply to first-time applications for post-conviction relief.

*In this case, the application of the statute of limitations does not violate due process of law.*

■ Xavier also argues that the statute of limitations violates his right to due process of law. The due process clause protects citizens from arbitrary or fundamentally unfair use of government power.[10] In determining whether government action violates due process, we apply a three-part balancing test. We balance: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." [11]

The private interest involved in this case is the right of access to the courts for collateral review of a criminal conviction. This important right is implicated when a legislative enactment erects a "direct and insurmountable barrier in front of the courthouse doors." [12] For example, a statute of repose that forfeited the personal injury claims of certain minors when they reached their tenth

3. Ch. 79, § 9, SLA 1995.

4. Ch. 79, § 40, SLA 1995.

5. *See* ch. 79, § 9, SLA 1995.

6. 1995 House Journal 488–89.

7. 1995 House Journal 489.

8. *See* 1995 House Journal 490.

9. *Id.*

10. *P.M. v. State, Dep't of Health & Soc. Servs.*, 42 P.3d 1127, 1133 (Alaska 2002) (holding that fun-

damental fairness is the main requirement of due process); *State v. Mouser*, 806 P.2d 330, 336 (Alaska App.1991) ("[T]he essence of due process is basic fairness....").

11. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

12. *Cleveland v. State*, 241 P.3d 504, 507 (Alaska App.2010) (quoting *Sands ex rel. Sands v. Green*, 156 P.3d 1130, 1134 (Alaska 2007)) (internal quotation marks omitted).

birthdays imposed an unconstitutional burden because the minors had no personal right to assert those claims until they reached the age of eighteen.[13] But a civil plaintiff's right of access was not unconstitutionally burdened by a rule prohibiting her lawyer from loaning her money for living expenses, since that rule did not prohibit the plaintiff from filing suit.[14]

■ In this case, Xavier has not established that he faced any "insurmountable barrier" affecting his access to the courts. His claim of ineffective assistance of counsel arose when he was convicted and sentenced in 1985. He had a decade to file a timely post-conviction relief application before the statute of limitations was enacted. After the statute was enacted, he received additional time, until July 1, 1996, to file his application. Thus Xavier had an extended opportunity to bring his post-conviction claim.

■ One could speculate that there remains a risk that Xavier actually suffered ineffective assistance of counsel that affected his decision to enter a guilty plea. But Xavier does not allege any circumstances that prevented him from discovering or pursuing his claim. Xavier does not allege that he was prevented from bringing his claim by a disability or by an agent of the state.[15] He does not allege that he mistakenly attempted to pursue his claim in another forum[16] or that he was prevented from filing a timely post-conviction application by any other extraordinary circumstances.[17] In the absence of any such allegations, we conclude that any risk that Xavier has been wrongfully convicted is now quite minimal.

13. *Sands ex rel. Sands*, 156 P.3d at 1135.

14. *In re K.A.H.*, 967 P.2d 91, 95–96 (Alaska 1998).

15. *See* AS 12.72.020(b)(1)(A)-(B).

16. *See Alex v. State*, 210 P.3d 1225, 1228–29 (Alaska App.2009) (suggesting that the statute of limitations could be equitably tolled in cases where the applicant attempted to pursue his claim in another forum).

17. *See Holland v. Florida*, —— U.S. ——, 130 S.Ct. 2549, 2562–63, 177 L.Ed.2d 130 (2010)

■ The speculative nature of any prejudice to Xavier must be balanced against the legislature's interest in providing a time limit for the litigation of post-conviction claims. In this case, the legislature enacted the statute of limitations "to promote the finality of convictions, preserve the sanctity of jury verdicts, minimize the litigation of stale claims, and prevent the unjustified dismissal of a criminal case when reprosecution is not possible."[18] These are valid legislative goals. We have recognized that statutes of limitations "avoid the injustice which may result from prosecution of stale claims" by protecting against "the difficulties caused by lost evidence, faded memories and disappearing witnesses."[19]

We thus conclude that the government's interest in requiring timely litigation of post-conviction claims and Xavier's extended opportunity to pursue his claim outweigh the minimal risk that he has suffered a wrongful conviction. Xavier has not established that the statute of limitations violated his right to due process of law.

*Conclusion*

We AFFIRM the superior court's order dismissing the application for post-conviction relief.

(recognizing that the statute of limitations for federal habeas corpus claims may be equitably extended to remedy the egregious performance of appointed counsel).

18. 1995 House Journal 489.

19. *State v. Creekpaum*, 732 P.2d 557, 566 (Alaska App.1987) (quoting *Nolan v. Sea Airmotive, Inc.*, 627 P.2d 1035, 1045 (Alaska 1981)), *rev'd on other grounds*, 753 P.2d 1139 (Alaska 1988).