NOTICE

*The text of this opinion can be corrected before the opinion is published in the*
*Pacific Reporter. Readers are encouraged to bring typographical or other formal*
*errors to the attention of the Clerk of the Appellate Courts.*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections @ appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA


| | |
|---|---|
| BYRON F. GEISINGER, | Court of Appeals No. A-11881 |
| Petitioner, | Trial Court No. 4FA-11-2842 CI t/w 4FA-06-3452 CR |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| Respondent. | No. 2430 — September 26, 2014 |


Petition for Review from the Superior Court, Fourth Judicial District, Fairbanks, Bethany S. Harbison, Judge.

Appearances: Brooke V. Berens, Assistant Public Advocate, Appeals & Statewide Defense Section, and Richard Allen, Public Advocate, Anchorage, for the Petitioner. Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge HANLEY.

---

[*] Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

This petition for review raises the question of what statute of limitation applies to the filing of an application for post-conviction relief by a defendant who pursued a direct appeal of his sentence but not his conviction.

Byron F. Geisinger was convicted of several crimes after a fatal motor vehicle collision, and he was sentenced to 16½ years to serve.[1] He appealed his sentence, arguing that it was excessive and that the court erred by rejecting his proposed statutory mitigating factor.[2] We affirmed Geisinger's sentence.[3]

Geisinger then filed an application for post-conviction relief, claiming that the attorney who represented him at his trial was incompetent. The superior court dismissed that claim as untimely. The court ruled that, under AS 12.72.020(a)(3)(A), the normal statute of limitation for filing an application for post-conviction relief — eighteen months from the date judgment was entered in the underlying criminal case — is not tolled while a defendant appeals his sentence. Geisinger's application was filed well outside that eighteen-month deadline.

Geisinger petitions for review of the superior court's decision and the State concedes error. We now grant Geisinger's petition for review and, for the reasons explained below, hold that a defendant who appeals his sentence or his conviction, or both, has one year from the date the decision on appeal is final to file an application for post-conviction relief.[4] Because Geisinger's application was filed within that deadline, the superior court erred in granting the State's motion to dismiss.

---

[1] *Geisinger v. State*, 2010 WL 5186081, at *1 (Alaska App. Dec. 22, 2010) (unpublished).

[2] *Id.*

[3] *Id.* at *1-3.

[4] *See* R. App. P. 507, 512.

*Facts and proceedings*

Geisinger was convicted of manslaughter,[5] leaving the scene of an injury accident,[6] two counts of assault in the first degree,[7] forgery,[8] and driving under the influence.[9] He filed a timely notice in this Court of a "merit appeal" — an appeal challenging the validity of his convictions. However, Geisinger's appointed counsel later determined that Geisinger had no non-frivolous challenges to his convictions; the attorney therefore limited Geisinger's opening brief to claims attacking his sentence. We rejected those claims and affirmed Geisinger's sentence,[10] and the supreme court denied Geisinger's petition for hearing.[11]

Geisinger's attorney then advised him that he had one year from the date the supreme court rejected his petition for hearing (that is, the date when our decision of his sentence appeal became final[12]) to file an application for post-conviction relief. Geisinger filed an application approximately seven months later challenging, *inter alia*, the competence of his trial attorney. On the State's motion, the superior court rejected

---

[5]  AS 11.41.120(a)(1).

[6]  AS 28.35.060(c).

[7]  AS 11.41.200(a)(1).

[8]  AS 11.46.505(a)(1).

[9]  AS 28.35.030(a)(2).

[10]  *Geisinger*, 2010 WL 5186081, at *1.

[11]  Supreme Court Case No. S-14139.

[12]  *See* R. App. P. 507, 512.

as untimely Geisinger's claim that his trial attorney was ineffective.[13]  Geisinger then filed this petition for review.

*Why we conclude that the deadline for filing a post-conviction relief application following a sentence appeal is one year after the decision on appeal becomes final, and that Geisinger's application is therefore timely*

Under AS 12.72.010, any person who has been convicted of a crime in Alaska may institute a proceeding for post-conviction relief challenging his conviction or sentence, as long as the application raises claims permitted by the statute and the application is filed within the time limits codified in AS 12.72.020. Subsection (a)(3)(A) of that statute provides that a post-conviction relief action is untimely if:

> (3) the later of the following dates has passed, except that if the applicant claims that the sentence was illegal there is no time limit on the claim:
> (A) if the claim relates to a conviction, 18 months after the entry of the judgment of the conviction or, if the conviction was appealed, one year after the court's decision is final under the Alaska Rules of Appellate Procedure[.]

The superior court interpreted this subsection to mean that if a defendant appeals his *conviction* — that is, argues on direct appeal that he is entitled to an acquittal or a new trial — the period for filing an application for post-conviction relief is tolled until one year after the appeal becomes final.  But the court concluded that the statute of limitation is not tolled for a defendant like Geisinger who appealed only his *sentence*. In that circumstance, the court ruled, the application must be filed within eighteen

---

[13]  The State did not move to dismiss the claims attacking the competence of Geisinger's appellate counsel, and those claims are apparently still pending.

months of the date judgment was entered in the criminal case. That is the same deadline that applies to a defendant who filed no appeal at all.

The superior court reasoned that the plain language of the statute mandated this result:

> The statutory language is not ambiguous. The statute indicates that time is tolled if "the *conviction* was appealed." If the legislature had intended that the time would be tolled upon appeal of either the conviction *or* the sentence, it would have said this in the statute.[14]

The main problem with the superior court's interpretation of AS 12.72.020(a)(3)(A) is that it does not accord with the well-settled principle of statutory construction that "the same words used twice in the same act have the same meaning."[15] As indicated in italics below, the statute uses the term "conviction" in different contexts: first, to characterize the nature of the claim raised in the post-conviction relief action and, later, to characterize the nature of the claim raised on direct appeal:

> (A) if the claim [raised in the post-conviction relief application] relates to a *conviction*, [the application must be filed within] 18 months after the entry of the judgment ... or, if the *conviction* was appealed, [the application must be filed within] one year after the court's decision is final under the Alaska Rules of Appellate Procedure[.][16]

If we attempt to reconcile these two meanings of "conviction" in a way that preserves the superior court's ruling — by assuming that in both instances "conviction"

---

[14]  Emphasis in original.

[15]  *Benner v. Wichman,* 874 P.2d 949, 957 (Alaska 1994) (quoting 2A Norman J. Singer, *Sutherland's Statutes and Statutory Construction* § 46.06 (5th ed. 1992)).

[16]  Emphasis added.

means just "conviction," not "conviction or sentence" — then AS 12.72.020(a)(3)(A) would impose *no* deadline for an application that raises a claim related to the defendant's sentence. The State acknowledges that this cannot be what the legislature intended.[17] Moreover, this interpretation would render another part of the same statute superfluous.[18] As related above, the legislature expressly provided in AS 12.72.020(a)(3) that there is no time limit for filing an application for post-conviction relief challenging a sentence as *illegal*.[19] There would be no reason for the legislature to create this limited exception if its intent was to eliminate the statute of limitations for all post-conviction relief applications raising sentencing claims.

In addition, as Geisinger points out, the superior court's reading of AS 12.72.020(a)(3)(A) would, as a practical matter, defeat one of the primary goals of the post-conviction relief statutes: reducing frivolous post-conviction relief litigation.[20] Normally, given the current length of time it takes to litigate a criminal appeal, the decision on appeal will not become final within eighteen months of the defendant's conviction. Therefore, under the superior court's interpretation of AS 12.72.020(a)(3)(A), a prudent attorney litigating a sentence appeal would advise his

---

[17] *See Xavier v. State*, 278 P.3d 902, 905 (Alaska App. 2012) (noting the legislature's interest in providing a time limit for the litigation of post-conviction claims).

[18] *See Libby v. City of Dillingham*, 612 P.2d 33, 39 (Alaska 1980) (citing 2A C. Sands, *Sutherland Statutory Construction* § 46.06 (4th ed. 1973)) ("It is a basic principle of statutory interpretation that, when possible, effect should be given to all provisions of a statute so that no part of the statute is superfluous.").

[19] *See Bishop v. Anchorage*, 685 P.2d 103, 105 (Alaska App. 1984) (noting that the term "illegal sentence" has been narrowly construed to apply only to sentences that are not authorized by the judgment of conviction).

[20] *Xavier*, 278 P.3d at 904 (citing the Governor's Transmittal Letter for House Bill 201, 1995 House Journal 488-89).

client to file an application for post-conviction relief while the appeal is still pending, even though resolution of the appeal might later render that application moot. Alternatively, an attorney who realizes, after the eighteen-month deadline for filing an application for post-conviction relief has passed, that the defendant's only potentially meritorious claims are sentencing claims might choose to raise a non-meritorious challenge to the defendant's conviction rather than forfeit the defendant's opportunity to pursue an application for post-conviction relief. We think it clear that the legislature did not intend to encourage this type of unnecessary litigation. We also can discern no rational basis for allowing a defendant who challenges a sentence on direct appeal unlimited time to file an application for post-conviction relief raising any challenge authorized by the post-conviction relief statutes, while requiring a defendant who appealed his conviction to file the application within a specific deadline.

The more reasonable interpretation of AS 12.72.020(a)(3)(A) is that the legislature used the term "conviction" not to distinguish a conviction from a sentence, but to distinguish a conviction from a probation revocation or administrative decision. The statute sets out different deadlines for filing an application for post-conviction relief challenging a conviction,[21] a revocation of probation,[22] or an administrative decision of the Board of Parole or Department of Corrections.[23] We conclude that the legislature intended the statute of limitations in each instance to encompass a post-conviction relief challenge to both the conviction, revocation, or decision, and to any penalty imposed.

Interpreting AS 12.72.020(a)(3)(A) in this manner, a defendant who appeals his conviction or sentence, or both, has one year from the date the decision on

---

[21] AS 12.72.020(a)(3)(A).

[22] AS 12.72.020(a)(3)(B).

[23] AS 12.72.020(a)(4).

appeal is final to file an application for post-conviction relief. Because Geisinger's post-conviction relief application was filed approximately seven months after our decision of his sentence appeal became final, it was timely.

*Conclusion*

We REVERSE the superior court's order dismissing Geisinger's challenge to the competence of his trial counsel, and we REMAND the case to the superior court for further proceedings on his application. Because of our resolution of this issue, we do not address Geisinger's claim that the superior court's dismissal of his claims violated his right to due process. We do not retain jurisdiction.