NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STEVEN BRADLEY POWELL,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-12595
Trial Court No. 3AN-04-08034 CI

O P I N I O N

No. 2665 — January 24, 2020

Appeal from the Superior Court, Third Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Gavin Kentch, Law Office of Gavin Kentch, LLC, Anchorage, for the Appellant. Nancy R. Simel, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge ALLARD.

Nearly ten years after the superior court dismissed his application for post-conviction relief as time-barred, Steven Bradley Powell filed a motion under Alaska Civil Rule 60(b) seeking to reopen his post-conviction relief case on the ground that recent case law had shown the dismissal to be erroneous. Powell sought relief under

Rules 60(b)(4), (b)(5), and (b)(6). The superior court denied him relief. Powell now appeals. For the reasons explained here, we affirm the superior court's judgment.

*Background facts and prior proceedings*

In 2000, Powell was convicted, following a jury trial, of two counts of first-degree assault, one count of reckless endangerment, and one count of driving while intoxicated for causing a serious multi-vehicle collision while driving drunk.[1] At sentencing, Powell received a composite sentence of 26 years to serve.[2] Powell appealed his sentence as excessive to this Court, and we affirmed the sentence.[3] Powell did not appeal his convictions.

In 2004, two months after his sentence appeal became final, Powell filed an application for post-conviction relief, alleging ineffective assistance of trial counsel. Specifically, Powell alleged that his trial counsel had incompetently failed to timely inform him of a favorable plea offer extended by the State.

The State moved to dismiss the application as procedurally deficient because Powell had failed to provide a signed affidavit from his trial counsel. The State also moved to dismiss the application as time-barred. The dispute over timeliness centered on the legal question of whether Powell's sentence appeal qualified as an "appeal" for purposes of AS 12.72.020(a)(3)(A), which sets out the time limits for post-conviction relief applications under Alaska law.

---

[1] *Powell v. State*, 88 P.3d 532, 533 (Alaska App. 2004).

[2] This composite sentence includes a year that was imposed on a petition to revoke probation in a separate case.

[3] *Powell*, 88 P.3d at 533-34.

Under the version of AS 12.72.020(a)(3)(A) applicable to Powell, a defendant could not bring a post-conviction relief claim "if the later of the following dates ha[d] passed":

> if the claim relates to a conviction, two years after the entry of the judgment of the conviction, or if the conviction was appealed, one year after the court's decision is final under the Alaska Rules of Appellate Procedure.[4]

Relying on dicta in an unpublished case,[5] the State argued that Powell was subject to the two-year deadline because Powell had appealed his sentence but not his conviction.

The superior court agreed with this reasoning and dismissed Powell's post-conviction relief application as untimely. Powell initially appealed the dismissal to this Court. However, Powell failed to pursue the appeal, and it was ultimately dismissed by the clerk's office.

In November 2006, approximately five months after his appeal was dismissed for failure to prosecute, Powell filed a second application for post-conviction relief. In his second application for post-conviction relief (which was filed *pro se*), Powell alleged that his first post-conviction relief attorney was ineffective for, *inter alia*, failing to follow through on the appeal of the dismissed post-conviction relief action. Powell requested that an attorney be appointed to assist him with his second application for post-conviction relief under *Grinols v. State*.[6] The superior court denied this request

---

[4] Former AS 12.72.020(a)(3)(A) (2004). In 2008, the legislature reduced the two-year deadline to eighteen months. *See* SLA 2008, ch. 75, § 26.

[5] *See Allen v. State*, 2001 WL 914020, at *2 (Alaska App. Aug. 15, 2001) (unpublished).

[6] *See Grinols v. State*, 10 P.3d 600, 618 (Alaska App. 2000), *aff'd in part*, 74 P.3d 889 (Alaska 2003) (holding that a petitioner must be allowed the opportunity to pursue a second application for post-conviction relief to present a claim of incompetent representation by the
(continued...)

and dismissed Powell's second post-conviction relief application as barred by *res judicata*.[7]  Powell did not appeal the dismissal of his second post-conviction relief application.

### *Our decision in* Geisinger v. State

Seven years later, in 2014, this Court issued a decision in *Geisinger v. State*.[8]  Like Powell, Geisinger had appealed his sentence but not his conviction, and had applied for post-conviction relief several months after his sentence appeal became final.[9]  Also like Powell, Geisinger's application was dismissed as untimely on the ground that his sentence appeal did not qualify as an "appeal" for purposes of AS 12.72.-020(a)(3)(A).[10]  However, unlike Powell, Geisinger diligently pursued an appeal of this ruling to this Court.

On appeal, the State conceded error, acknowledging that the phrase "the conviction was appealed" under AS 12.72.020(a)(3)(A) applied to appeals raising both sentence and merit claims.[11]  We found this concession well-taken, and we held that, pursuant to AS 12.72.020(a)(3)(A), "a defendant who appeals his sentence or his conviction, or both, has one year from the date the decision on appeal is final to file an

---

[6]  (...continued)
first post-conviction relief attorney).

[7]  In its briefing on appeal, the State acknowledges that the dismissal of Powell's ineffective assistance of counsel claims against his first post-conviction relief attorney was erroneous under *Grinols*.

[8]  *Geisinger v. State*, 334 P.3d 1241 (Alaska App. 2014).

[9]  *Id.* at 1241-42.

[10]  *Id.* at 1242-43.

[11]  *Id.*

application for post-conviction relief."[12]   Thus, Geisinger's post-conviction relief application was timely filed and should not have been dismissed.

Approximately eighteen months after *Geisinger* was decided, Powell filed a motion under Civil Rule 60(b) in his original 2004 post-conviction relief case, seeking relief based on the recent change in decisional law.

Alaska Civil Rule 60(b) authorizes a court to relieve a party from "a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

---

[12]   *Id.* at 1244.

A motion under Rule 60(b) must be made "within a reasonable time" and "for reasons (1), (2) and (3) not more than one year after the date of notice of the judgment or orders as defined in Civil Rule 58.1(c)."[13]

In the current case, Powell sought relief under Rules 60(b)(4) ("the judgment is void"); (b)(5) ("it is no longer equitable that the judgment should have prospective application"); and (b)(6) (the catchall provision). Powell did not seek relief under Rule 60(b)(1), (b)(2), or (b)(3), and he expressly acknowledged that any claims under those subsections would fall outside the one-year deadline and would not be timely.

The superior court denied Powell's Rule 60(b) motion, primarily on the ground that Powell was misusing Rule 60(b) as a "substitute for the appeal he never perfected." The court also addressed and rejected each of the three subsections Powell had relied on, ruling that the original judgment was not void, that the original judgment did not have prospective application, and that the equities did not weigh in favor of granting Powell relief under the catchall provision.

This appeal followed.

*Alaska Civil Rule 60(b) and post-conviction relief litigation*

In *McLaughlin v. State*, this Court held that a defendant could not use a Civil Rule 60(b) motion to circumvent the applicable statute of limitations on post-conviction relief applications (as laid out in AS 12.72.020).[14] Our decision in *McLaughlin* is sometimes misread as standing for the proposition that a defendant can

---

[13]  Alaska R. Civ. P. 60(b).

[14]  *McLaughlin v. State*, 214 P.3d 386, 387 (Alaska App. 2009).

*never* file a Rule 60(b) motion in a post-conviction relief case. But this is too expansive a reading of *McLaughlin*.

Alaska Statute 12.72.010 and Alaska Criminal Rule 35.1 govern post-conviction relief litigation under Alaska law. Criminal Rule 35.1(g) provides, in relevant part, that "[a]ll rules and statutes applicable in civil proceedings . . . are available to the parties except that Alaska Rule of Civil Procedure Rule 26(a)(1)-(4) [defining procedures for mandatory disclosures] does not apply to post-conviction relief proceedings." Thus, as a general matter, Civil Rule 60(b) motions can be filed in post-conviction relief proceedings.

However, their role is limited. In *McLaughlin*, the defendant tried to use a Rule 60(b) motion to initiate litigation of post-conviction relief claims that would otherwise have been time-barred.[15] We held that this use was foreclosed by AS 12.72 and Criminal Rule 35.1, which were intended to be the sole means of collaterally attacking a criminal conviction.[16]

As Judge Mannheimer noted in his concurrence in *McLaughlin*, other jurisdictions have likewise concluded that a defendant cannot use a Rule 60(b) motion to raise post-conviction relief claims in contravention of that jurisdiction's post-conviction relief statutes and rules.[17]

The United States Supreme Court has also addressed the distinction between permissible and impermissible uses of Federal Civil Rule 60(b) in federal

---

[15]  *Id.* at 386.

[16]  *Id.* at 387.

[17]  *See id.* at 388 (Mannheimer, J., concurring) (collecting cases); *see also Kell v. State*, 285 P.3d 1133, 1140 (Utah 2012) (explaining that a motion under Utah's Rule 60(b) cannot be used "as a substitute for a prohibited postconviction petition" or to "circumvent conflicting statutory mandates").

habeas proceedings.[18] In *Gonzalez v. Crosby*, the United States Supreme Court acknowledged that "Rule 60(b) has an unquestionably valid role to play in habeas cases."[19] But the Court drew a sharp distinction between permissible Rule 60(b) motions that attack "some defect in the integrity of the federal habeas proceedings" and impermissible Rule 60(b) motions that attack "the substance of the federal court's resolution of a claim on the merits."[20] In other words, the Court held that Rule 60(b) could be used to challenge a default judgment in a post-conviction relief case, but it could not be used to raise new grounds for post-conviction relief or to challenge any rulings on the merits of a post-conviction relief claim.[21]

*Gonzalez* involved facts very similar to the facts presented here. Like Powell, Gonzalez's petition for habeas corpus was dismissed as time-barred based on then-existing federal case law.[22] In addition, like Powell, the case law subsequently changed and Gonzalez's habeas petition would not have been considered time-barred under the new case law.[23] Like Powell, Gonzalez filed a motion under Civil Rule 60(b)(6), seeking relief from the default judgment based on the recent change in law.[24]

---

[18] *See Gonzalez v. Crosby*, 545 U.S. 524 (2005).

[19] *Id.* at 534.

[20] *Id.* at 532.

[21] *See id.* at 534.

[22] *Id.* at 527.

[23] *Id.*

[24] *Id.*

Although the United States Supreme Court ultimately denied Gonzalez any relief, the Court found Gonzalez's motion a proper use of Rule 60(b) in a habeas proceeding.[25]

We find the United States Supreme Court's reasoning in *Gonzalez* persuasive and helpful in distinguishing between "true" (*i.e.*, permissible) Rule 60(b) motions and Rule 60(b) motions that should be treated as the equivalent of a successive application for post-conviction relief. Here, Powell is not using Civil Rule 60(b) to attack the underlying criminal convictions; nor is he using Rule 60(b) to raise new grounds for post-conviction relief or to challenge any ruling on the merits of his post-conviction relief claim. Instead, he is challenging a procedural ruling in his case that precluded resolution of his post-conviction relief claim on its merits — a procedural ruling that now appears to be erroneous in light of the recent change in decisional law.

Because we conclude that this was an appropriate use of a Rule 60(b) motion in a post-conviction relief case, we now turn to the merits of Powell's Rule 60(b) claims.

*Powell's claim under Rule 60(b)(4)*

Alaska Civil Rule 60(b)(4) authorizes relief from a final judgment when "the judgment is void." Whether a judgment is void is a matter of law that we review *de novo*.[26]

---

[25] *See id.* at 536-37.

[26] *See Aguchak v. Montgomery Ward Co.*, 520 P.2d 1352, 1354 (Alaska 1974) ("[T]he validity of a judgment is strictly a question of law.").

A judgment is not void merely because it is erroneous.[27]  Instead, a judgment is "void" for purposes of Civil Rule 60(b)(4) only if (1) the court that rendered the judgment lacked jurisdiction over the subject matter or the parties, or (2) the court acted in a manner inconsistent with due process.[28]  In the current case, Powell concedes that the superior court had personal and subject matter jurisdiction in his case, but he argues that the court acted in a manner that was "inconsistent with due process" when it summarily dismissed his application as untimely.

We find no merit to this claim.  Due process requires that there be adequate notice to the interested parties of the pendency of the action and the opportunity for the interested parties to be heard.[29]  Here, the record shows that Powell had notice when the State moved to dismiss his post-conviction relief application as untimely, and Powell had the opportunity to be heard on that issue (even though his attorney chose not to file a response).[30]  We therefore find no merit to Powell's contention that the judgment was

[27]  *Blaufuss v. Ball*, 305 P.3d 281, 285-86 (Alaska 2013) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2862 (3d ed. 2019)); *see also Szabo v. Anchorage*, 320 P.3d 809, 814 (Alaska 2014) ("In the interests of finality, the concept of void judgments [for purposes of Rule 60(b)(4)] is narrowly construed." (quoting *Leisnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879, 891 (Alaska 2013))).

[28]  *See Burrell v. Burrell*, 696 P.2d 157, 163 n.11 (Alaska 1984); *Kenai Peninsula Borough v. English Bay Vill. Corp.*, 781 P.2d 6, 10 (Alaska 1989); *see also McLaughlin v. State*, 214 P.3d 386, 390-91 (Alaska App. 2009) (Mannheimer, J., concurring) (explaining that a judgment is void for purposes of Rule 60(b)(4) only when "the court was not properly constituted or had no jurisdiction over a party or over the subject matter of the litigation, or when the party attacking the judgement was not given proper notice of the action and an opportunity to be heard, or when the court otherwise failed to comply with the basic requirements necessary for a valid exercise of power by the court").

[29]  *See Aguchak*, 520 P.2d at 1356.

[30]  *See Rowland v. Monsen*, 135 P.3d 1036, 1039 (Alaska 2006) (explaining that a party

(continued...)

void for lack of due process, and we affirm the superior court's dismissal of Powell's claim under Rule 60(b)(4).

*Powell's claim under Rule 60(b)(5)*

Civil Rule 60(b)(5) authorizes relief from a final judgment when "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Powell argues that he is entitled to relief under this subsection because, given the change in law represented by *Geisinger*, it is no longer equitable that his case remain dismissed as time-barred.

The superior court dismissed this claim on the ground that the judgment dismissing Powell's post-conviction relief application as time-barred did not have "prospective application" as that term is understood under Rule 60(b)(5). We agree with this conclusion. Judgments that have a prospective effect for purposes of Rule 60(b)(5) include declaratory judgments, injunctions of a continuing nature, and paternity judgments that give rise to a duty to pay future child support.[31] They do not include final

---

[30] (...continued)
is not deprived of notice or an opportunity to be heard when her attorney failed to file an opposition to a motion).

[31] *See Ferguson v. State ex rel. P.G.*, 977 P.2d 95, 100 (Alaska 1999) (discussing Rule 60(b)(5) relief available against "only the prospective, or executory, aspects of judgments[,]" which includes "a duty to pay child support in the future" but not the collection of past amounts due); *Farrell ex rel. Farrell v. Dome Labs.*, 650 P.2d 380, 384 (Alaska 1982) (noting that "clause (5) is typically invoked to obtain relief from declaratory judgment and injunctions whose continued enforcement becomes inequitable").

judgments such as the one in Powell's case, which simply resolve present claims related to an alleged past wrong.[32]

On appeal, Powell contends that the superior court's dismissal of his post-conviction relief application does have "prospective application" because the dismissal effectively precludes Powell from raising the same ineffective assistance of counsel claims in any future post-conviction relief application. But the Alaska Supreme Court has directly rejected this argument. In *Bauman v. Day*, for example, the Alaska Supreme Court ruled that "the preclusive effect of a dismissal with prejudice is not a prospective effect for the purposes of Rule 60(b)(5)."[33] Likewise, in *Farrell ex rel. Farrell v. Dome Laboratories*, the Supreme Court ruled that Rule 60(b)(5) does not generally provide "[a] basis for relief from an unconditional dismissal without prejudice."[34] In other words, the mere fact that the law has changed since the judgment was entered or that a ruling will have future collateral estoppel effect (something obviously common to many rulings) does not provide the requisite prospective effect necessary for relief under Rule 60(b)(5).[35]

---

[32] *See Leisnoi, Inc. v. Merdes & Merdes, P.C.*, 307 P.3d 879, 893 (Alaska 2013) (explaining that "Rule 60(b)(5) 'by definition . . . cannot apply to a judgment that simply offers a present remedy for a past wrong'" (quoting *Bauman v. Day*, 892 P.2d 817, 829 (Alaska 1995))); 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2863 (3d ed. 2019) ("[J]udgments that offer a present remedy for a past wrong do not fall within [Rule 60(b)(5)].").

[33] *Bauman v. Day*, 892 P.2d 817, 829 (Alaska 1995) (citing *Twelve John Does v. D.C.*, 841 F.2d 1133, 1138-40 (D.C. Cir. 1988) (interpreting identical federal rule)).

[34] *Farrell*, 650 P.2d at 385.

[35] *Ferguson*, 977 P.2d at 101 ("Virtually every court order causes at least some reverberations into the future, and has, in that literal sense, some prospective effect . . . . That a court's action has continuing consequences, however, does not necessarily mean that it has

(continued...)

Because we find no merit to Powell's contention that the default judgment in his 2004 post-conviction relief application has "prospective application," we find no error in the superior court's denial of Powell's claim under Rule 60(b)(5).

### Powell's claim under Civil Rule 60(b)(6)

Powell's final claim for relief is under Civil Rule 60(b)(6), the catchall provision that authorizes relief "for any other reason justifying relief from the operation of the judgment." The Alaska Supreme Court has held that while Civil Rule 60(b) should be "liberally construed" to effect justice, relief should be granted under Rule 60(b)(6) only in "extraordinary circumstances."[36]

Powell argues that the change in decisional law represented by *Geisinger* constitutes "extraordinary circumstances" deserving of relief under Rule 60(b)(6). But relief under Rule 60(b)(6) is exclusive of relief that could have been gained through other subsections.[37] As a general matter, "a party seeking relief from a judgment on the basis of a subsequent change in the law should proceed under Rule 60(b)(1), treating the trial

---

[35] (...continued)
'prospective application' for the purposes of Rule 60(b)(5)." (quoting *Twelve John Does*, 841 F.2d at 1138)).

[36] *O'Link v. O'Link*, 632 P.2d 225, 229-30 (Alaska 1981).

[37] *Id.* at 229; *see also Cook v. Cook*, 249 P.3d 1070, 1084 (Alaska 2011) ("[A] party may only obtain Rule 60(b)(6) relief if no other Rule 60(b) clause applies and 'extraordinary circumstances' exist."); *Farrell*, 650 P.2d at 385 ("It is well settled that clause (6) and the first five clauses of Rule 60(b) are mutually exclusive.").

court's earlier judgment as a mistake of law."[38]  Here, as Powell acknowledges, he cannot seek relief under Rule 60(b)(1) because any such claim would be untimely.[39]

The State argues that Powell's inability to seek relief under Rule 60(b)(1) means that he is foreclosed from obtaining relief under Rule 60(b)(6).  But this is not entirely accurate.  What it does mean is that Powell is required to show "extraordinary circumstances" beyond the simple change in law in order to qualify for relief under Rule 60(b)(6).  As the Alaska Supreme Court recognized in *Norman v. Nichiro Gyogyo Kaisha, Ltd.*, "[a] change in law after a final judgment has been rendered will not ordinarily justify relief under Rule 60(b)(6) unless there are other extraordinary circumstances."[40]  Federal law is in accord.[41]

---

[38]  *Pearson v. Bachner*, 503 P.2d 1401, 1402 (Alaska 1972); *see also Lawrence v. Lawrence*, 718 P.2d 142, 145 (Alaska 1986) ("When a party seeks relief from a judgment, which does not have prospective application, because of a subsequent change in the law a Civil Rule 60(b)(1) motion should be used.").

[39]  *See* Alaska R. Civ. P. 60(b) (requiring motions under (b)(1), (b)(2), (b)(3) to be brought "not more than one year after the date of notice of the judgment"); *see also Pearson*, 503 P.2d at 1402 ("The policies that finality of judgments be favored and that Rule 60(b)(1) motions not be substitutes for appeals, counsel that a motion for relief based on a subsequent change in law be made within the time for appeal from the judgment.").

[40]  *Norman v. Nichiro Gyogyo Kaisha, Ltd.*, 761 P.2d 713, 715 (Alaska 1988); *see also Farrell*, 650 P.2d at 385 (noting that a litigant must show that their case involves "something more than one of the grounds stated in the first five clauses" to obtain relief under 60(b)(6) (internal citations omitted)).

[41]  *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 536-37 (2005) (holding that a change in law showing that a previous judgment may have been incorrect is not, by itself, an "extraordinary circumstance" justifying relief under Rule 60(b)(6)); *Agostini v. Felton*, 521 U.S. 203, 239 (1997) (holding that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)" ); *Nash v. Hepp*, 740 F.3d 1075, 1078-79 (7th Cir. 2014) (considering "the 'mundane' and

(continued...)

In other words, it is not enough for Powell to simply show that the law has changed to obtain equitable relief under Rule 60(b)(6). Instead something "more" must be shown. What "more" must be shown to qualify as "extraordinary circumstances" deserving of equitable relief under Rule 60(b)(6) is not well-defined, and is generally left to the trial court's discretion.[42] General considerations include "the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations."[43] A criminal defendant's colorable claim of innocence should weigh heavily in this analysis.[44]

---

[41] (...continued)
'hardly extraordinary' situation in which the district court applied the governing rule of procedural default at the time of its decision and the caselaw changed after judgment became final"); *Cox v. Horn*, 757 F.3d 113, 121 (3d Cir. 2014) (noting that "intervening changes in the law rarely justify relief from final judgments under 60(b)(6)"); *see also Gravel v. Alaskan Vill., Inc.*, 423 P.2d 273, 275 n.6 (Alaska 1967) (noting that Fed. R. Civ. P. 60(b)(6) is "identical with Alaska Civil Rule 60(b)(6)").

[42] *See Cox*, 757 F.3d at 122 (directing trial courts to apply a "flexible, multifactor approach to Rule 60(b)(6) motions" that takes into account "all the particulars of a movant's case"); *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (noting that "Rule 60(b)(6) motions necessitate 'a case-by-case inquiry' in which the district court 'intensively balance[s] numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts'" (citing *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015))).

[43] *Gonzalez*, 545 U.S. at 540 (citing 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2857 (2d ed. 1995 & Supp. 2004)); *see also Norman*, 761 P.2d at 717 ("[I]n deciding Rule 60(b)(6) motions we give consideration to the following factors: the prejudice, if any, to the non-moving party if relief from judgment is granted, whether any intervening equities make the granting of relief inappropriate, and any other circumstances relevant to consideration of the equities of the case.").

[44] *See Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 160-61 (3d Cir. 2017) ("The fact (continued...)

Here, Powell's underlying post-conviction relief claim is that his trial counsel was ineffective and that this ineffective assistance of trial counsel deprived Powell of a favorable plea agreement that would have resulted in a significantly lower sentence than the one he received after trial. On appeal, Powell argues that the equities of his case weigh in favor of granting him the relief needed to litigate the underlying merits of this claim.

But the superior court found otherwise. In its order denying Powell relief, the superior court focused on Powell's lack of diligence in appealing the dismissal of his first post-conviction relief action and the length of time between that dismissal and the Rule 60(b) motion. The superior court found it "significant" that "every issue that Powell now raises could have been appealed" and that "[t]he same arguments that Geisinger successfully made, could have been made by Powell" if he had properly appealed the dismissal of his first post-conviction relief action.[45]

In response, Powell asserts that he could not have raised the same arguments as *Geisinger* in his appeal because his post-conviction relief attorney did not preserve those arguments. But the trial court ruled directly on the question of whether

---

[44] (...continued)
that Satterfield's state proceeding ended a decade ago should not preclude him from obtaining relief under Rule 60(b) if the court concludes that he has raised a colorable claim that he meets the threshold actual-innocence standard and that other equitable factors weigh in his favor."); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006) (discussing "miscarriage of justice" exception in actual innocence cases and reiterating that considerations of finality and comity must yield to the fundamental right not to be wrongfully convicted (citing *Schlup v. Delo*, 513 U.S. 298, 320 (1995))).

[45] *Cf. Nash*, 740 F.3d at 1079 (denying defendant relief under Rule 60(b)(6) despite change in law because "Nash could have appealed and made the arguments that the petitioners made in [the cases that changed the law]" and "[h]is failure to do so does not make the circumstances of his case extraordinary").

Powell's sentence appeal qualified as an appeal under AS 12.72.020(a)(3)(A). Moreover, at the time, there was no published case law on this question and Powell's case, like *Geisinger*, would have raised a purely legal question that this Court would review *de novo*.

Powell also contends that his failure to appeal the dismissal of his first post-conviction relief application was the result of ineffective assistance of counsel. But Powell abandoned this claim of ineffective assistance of counsel by failing to appeal the superior court's erroneous dismissal of this claim in his second application for post-conviction relief. Powell has provided no explanation for his failure to appeal the dismissal of his second post-conviction relief application. Nor has he adequately explained his lack of diligence in pursuing the first appeal.

The superior court also found that the passage of time weighed against granting Powell relief under Rule 60(b)(6). The court noted that motions under Rule 60(b)(6) must be brought "within a reasonable time" and the court found the almost ten-year delay in bringing the Rule 60(b) motion unreasonable.

Powell argues that he brought the motion "within a reasonable time" because he filed it within approximately eighteen months of the *Geisinger* decision. We agree with Powell that "reasonableness" in this context should be measured primarily from when the legal basis for the Rule 60(b) motion first arose — *i.e.*, from the *Geisinger* decision.[46] However, we express no opinion as to whether an eighteen-month delay is "reasonable" under these circumstances because we conclude that, even if it was "reasonable" to wait eighteen months, the court was still permitted to take into account

---

[46] *Cf. Cox*, 757 F.3d at 116 (holding that ninety days between a change in law and a defendant filing a Rule 60(b)(6) motion was reasonable); *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (finding delays of two-and-a-half years and fifteen months between a change in law and a defendant filing a Rule 60(b)(6) motion unreasonable).

the full passage of time when weighing the equities of this case.[47] As other courts have recognized, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled."[48] Powell ignores this principle in his briefing, asserting that the prejudice to the State in granting him relief is "scant." But we conclude that the superior court could properly take into account the prejudice to the State (and the victims) in reopening litigation long since closed.

Whether to grant or deny a Civil Rule 60(b)(6) motion is an equitable matter left, in the first instance, to the trial court.[49] Given the circumstances presented here, we find no abuse of discretion in the superior court's refusal to grant Powell relief under Rule 60(b)(6).

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

[47] We acknowledge that, six months after the *Geisinger* decision, Powell appears to have filed a third application for post-conviction relief. The record in this appeal does not include a copy of the third application.

[48] *Cox*, 757 F.3d at 125; *see Gonzalez*, 545 U.S. at 536-37 (cautioning against Rule 60(b)(6) relief in "cases long since final" and "long-ago dismissals"); *see also Satterfield v. Dist. Att'y Phila.*, 872 F.3d 152, 164 (3d Cir. 2017) ("When more time has elapsed since the final conviction, a court will give more weight to the state's interest in finality.").

[49] *See McGee v. McGee*, 974 P.2d 983, 987 (Alaska 1999); *see also Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) (explaining that "[Rule] 60(b) strongly indicates on its face that courts no longer are to be hemmed in by the uncertain boundaries of these and other common law remedial tools" and that "the language of the 'other reason' clause . . . vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice"); *Livingston v. Livingston*, 572 P.2d 79, 85 (Alaska 1977) ("Rule 60(b), in its entirety, attempts to preserve the delicate balance between the conflicting principles that litigation be brought to an end and that justice be done in light of all the facts.").